Peck, J,
delivered the opinion of the court.
Several questions are drawn in issue by the pleadings in this cause; but the proof has narrowed our examination to those connected with the charge of usury. This is repelled upon several grounds, the principal of which will be noticed. It is said that the charge in the bill of complaint does not make a case of usury; that the terms of contract, as they are laid, amount to a mere exchange of currency: Boyers to advance notes of the Bank of Tennessee, then greatly under par; an equal nominal amount to be paid by Weatherhead at New Orleans, in specie, or notes on the Bank of the United States, which, it is not questioned, were at the time equal to gold or silver. Both the admissions in the answer, and the proofs show, that the money advanced was by way of loan. The application was made to borrow money; the terms on which it was to be advanced were entered into, and the advances made. As no shift or device, however plausible the pretext, will take a transaction, in itself usurious, out of the operation of the statute, it will follow, that exacting property at a price greatly under its value, or the withholding an equivalent for the money secured, where the transaction is a loaning or giving day, will make the transaction usurious. If the courts did not proceed upon such premises, the invention of man would always evade the statute; the oppression on the one side, and advantage on-the other, would be a certain consequence of dealings between the oppressed and him having the pow *563 er to exact his own terms. Therefore, as it is not to be tolerated for men to do indirectly what they are forbid to do directly, the courts of justice have always stripped the transaction of its guise, and pronounced upon it according as the intention could be spelled out. That the transaction was usurious, abundant authorities prove: 1 Yerg. 243, 444: 2 Peters 527: 1 Peters 37: 12 Pickering 565.
But it is supposed, that because the charge in the bill is not made in direct terms, that this was a usurious dealing; that the pleadings will not let in the proofs. We hold this to be a mistake. The facts and circumstances charged and admitted, make out the usury. These being before us, we apply the terms; for it is always better to make a full charge of substantive matter, to which terms of test can at once be applied, than to be lame in these and redundant in terms the facts will not support. 8 Wendell’s Rep. 339.
Having ascertained the kind of case we have, the next question is, can the money exacted and paid, over and above principal and six percent, interest, be recovered back. To this point, and to sustain the affirmative of the proposition, that both the courts of law and courts of equity have exercised jurisdiction in such cases, the authorities are ample. Talbot’s Cases in Equity 37: Powell on Con 128: 2 John Ch. R. 183: 6 do. 95: Comyn on Usury 79, 81, 82, 83: reprinted 5 Law Library: 20 John R. 290: 2 Strange 915: Chitty on Cont. 192: 8th East. 383: Comyn Rep. 200, 792: 2 Doug. 472, 697: 2 Bur. 1005. As, therefore, it may be recovered back, this casein equity affording matter proper for an account, account will be entertained.
The next question in order to be considered is, whether time, or the statute of limitation, operates to bar inquiry and relief. The transactions commenced in 1822 or ’23, and were continued up to within two years next before filing the bill. When the estate of Weatherhead, *564 the oppressed man, was transferred and received at valuation, by Boyer and the other creditors; and even at the time of rendering the decree, Boyers held against the complainant a judgment unsatisfied, for which he claimed a set ofF, and which the chancellor allowed him. Where the transaction was a continued one; new dealings; new advances; new securities for money; mortgages upon the estate of the complainant; some of the claims outstanding and unsettled up to the time of filing of the bill; these, when taken together, make a case where neither time nor the statute of limitation can have effect. 6 John. Ch. Rep. 103: Talbot's Cases in Equity 37. The case upon the pleadings and proofs is a plain one, entitling complainant to relief. But we are far from thinking that Boyers designed to act oppressively; a course of trade and exchange, as it is called, of the currency of the country, grew out of the banking mania of the period when most of the transactions took place. No doubt it Was common to advance notes under par, to be replaced in future in notes at par. Many cases occurred, where it looked like accommodation to do so; still the semblance of accommodation does not remove the stain of usury, although it may be made under circumstances calculated to soften its character, and remove the impression of any design purposely to overreach or oppress. It is more than probable, that the object in filing the bill, was to open the account as to the eleven hundred dollar draft, which Weatherhead honestly thought he had not got credit for, but in which he was mistaken; still, though this might be the principal grounds of coming into this court, it does not follow that justice must be withheld as to the matters rightfully charged, and sustained by the proofs.
Decree affirmed.