[No. 4315.]

## CHRISTIAN MERK v. JOHN GELZHAEUSER.

NEW TRIAL.—A new trial will not be granted on the ground of newly discovered evidence, if the affidavit on which it is claimed is shown, by counter-affidavits, to be exposed to the suspicion of bad faith, nor if the newly discovered evidence fails to raise a reasonable presumption that, if produced, it would change the result.

PLEA OF JUSTIFICATION IN SLANDER.—If the defendant, in an action for slanderous words in which a crime is imputed to the plaintiff, justifies on the ground that they were true, he must prove the plaintiff guilty of the crime imputed to him, by testimony sufficient to convict him of the crime on a criminal trial.

APPEAL from the District Court, Tenth Judicial District, County of Sutter.

The defendant charged the plaintiff with stealing his turkeys. The plaintiff sued for damages. The plaintiff had the verdict of a jury and judgment. The defendant moved for a new trial. One ground of the motion was newly discovered evidence. In support of this, an affidavit of one Johnson was read, in which Johnson stated that on the night the turkeys were claimed to have been stolen, about 2 o'clock, he was passing the defendant's house, and saw a light near his garden fence, and saw the plaintiff with turkeys in his hands, when the light was put out, and the plaintiff started across the defendant's field, and that he did not inform any one of it before the trial. The plaintiff produced affidavits that Johnson came to the neighborhood a stranger, in August, 1873, and remained till April 1, 1874, when he left suddenly, and affiant did not know where he went, and that his conduct was bad, and his reputation was not favorable for truth or integrity. The turkeys were alleged to have been stolen in January, 1874, and the affidavit

of Johnson was made April 1, 1874, and the counter-affidavits were made April 11, 1874. The defendant appealed.

The other facts are stated in the opinion.

*J. O. Goodwin, J. H. Ray, and J. H. Craddock,* for the Appellant.

It is admitted that some authorities support the rule established by the court below, but in this they are not uniform. Others of equal respectability support the opposite. "It has been held that the defendant is not bound in justification to produce such evidence as would convict the plaintiff if he were on trial for the offense." (*Kincaid* v. *Bradshaw,* 3 Hawks, 63.) The ordinary rule in civil cases applies. (*Barfield* v. *Brett,* 2 Jones, 41; *Folsom* v. *Brown,* 5 Fost. 114.) A mere preponderance is sufficient. (*Spruil* v. *Cooper,* 16 Ala. 781.)

And although we hold the rule to be anomalous in character and harsh in application, we deem it unnecessary to dwell upon it, as the Code of Civil Procedure clearly establishes a rule directly in conflict with the instruction. (See Code of Civil Procedure, Sec. 2061, Subd. 5.)

The language of this subdivision is as follows: "That in civil cases the affirmative of the issue must be proved, and when the evidence is contradictory, the decision must be made according to the preponderance of evidence."

*L. W. Robinson and H. L. Pierson,* for the Respondent.

We think that the instruction is clearly sustained by the authorities. (2 Greenleaf on Evidence, Sec. 426; 1 Hilliard on Torts, 387, Sec. 46.)

Section 2061, Code Civil Procedure, is relied on by the appellant to sustain this objection. This section of the code was only intended to declare the general rule of law as it existed before.

By the COURT:

1. The defendant failed to show that he was entitled to a new trial on the ground of newly discovered evidence. The affidavit of Johnson, if otherwise sufficient, was produced

under circumstances, as shown by counter-affidavits, which exposed it to the suspicion of bad faith. It was not sufficient to raise a reasonable presumption that the testimony of Johnson, if produced, would change the result.

2. The defendant justified the speaking of the words alleged to be slanderous, on the ground that they were true.

The court instructed the jury that, "in order to make good his defense, the defendant is required to prove the plaintiff guilty of the crimes imputed to him by the slanderous words, by testimony sufficient to convict the plaintiff of those charges on a criminal trial; and if the defendant has failed to do this, the jury must find for the plaintiff."

This correctly states the law. "To support a special plea in justification where crime is imputed, the same evidence must be adduced as would be necessary to convict the plaintiff upon an indictment for the crime imputed to him; and it is conceived that he would be entitled to the benefit of any reasonable doubts of his guilt, in the minds of the jury, in the same manner as in a criminal trial." (2 Greenleaf Ev., Sec. 426.)

This is the rule at common law, and it has not been changed by section 2061 of the Code of Civil Procedure, which provides, in subdivision 5, "that in civil cases the affirmative of the issue must be proved, and when the evidence is contradictory, the decision must be made according to the preponderance of evidence." This but affirms the general rule at common law, and does not abrogate the exception stated by Mr. Greenleaf.

Judgment and order affirmed.