[Civ. No. 8461.   Third Dist.   June 23, 1955.]

ROBERT B. BROCKE et al., Respondents, v. GEORGE C. NASEATH, Appellant.

Clewe & Blade and Clewe, Blade & McDonald for Appellant.

Pardee & Cady and Donald P. Cady for Respondents.

PEEK, J.—This is an appeal by defendant from a judgment in the sum of $9,793.23 in favor of plaintiffs in an action brought to recover treble the amount of interest collected on an alleged usurious transaction.

By this action plaintiffs sought to recover treble the amount of interest paid by them to defendant for a loan of $4,000 dated June 30, 1947. Their complaint alleged that they borrowed $4,000 from defendant for which he demanded and received a promissory note in the sum of $6,000 to bear interest at 6 per cent per annum due six months from the date thereof and secured by a mortgage upon certain real property situated in Plumas County; that defendant had actually collected from plaintiffs the sum of $7,264.41, or interest in the sum of $3,264.41 on the alleged $4,000 principal. Defendant's answer admitted the execution of the mortgage and affirmatively alleged that plaintiffs borrowed $4,500 on June 30, 1947; that plaintiffs were indebted to him in the further sum of $1,000 on a prior note and the accrued interest thereon. During the hearing defendant testified to having advanced additional sums to plaintiffs.

It is defendant's first argument that in any event the amount of the judgment is excessive as a matter of law, and in this regard reliance is placed solely upon the case of *Penziner* v. *West American Finance Co.*, 10 Cal.2d 160 [74 P.2d 252]. His argument in this regard is that the cited case requires a defendant in a usury action to be given credit for interest upon the true amount of the debt at the stipulated rate from the maturity date of the usurious obligation to the date of its payment, plus the principal amount of the loan; and that therefore plaintiffs in this case can recover only treble the difference between that amount and the amount actually paid by them, which, assuming plaintiffs' allegations are true, would amount to $8,029.77, or $1,763.46 less than the judgment as entered.

The court in the Penziner case apparently rested its opinion upon the conclusion that as originally conceived, the transaction was not necessarily usurious; that the agreement of the parties contemplated advances from time to time up to an amount equal to the principal of the loan as it appeared on the face of the note plus interest thereon at a rate clearly within the statute; that the note did not provide for further charges; that it was only when the proceeds of the foreclosure sale were applied toward the payment of certain brokerage fees and interest that the element of usury was injected into the transaction. Here the evidence introduced by plaintiffs established an entirely different transaction. The contract between the parties at its inception was tainted with usury, providing as it did that the plaintiffs should pay for the use of $4,000 the sum of $2,000 plus interest on the stated principal of the note which was $6,000 at the rate of 6 per cent per annum.

By the provisions of the Usury Law (Deering's Gen. Laws, Act 3757, Stats. 1919) it is established that the contract rate shall not exceed "twelve dollars on the one hundred dollars for one year" (§ 1), but if the lender contracts for more than the maximum allowed, then he is subject to the penalty that the particular portion of his contract calling for the payment of interest is null and void and that "no action at law to recover interest in any sum shall be maintained." (§ 2.) And, finally, if the lender goes one step further by demanding and receiving interest at the rate provided for in his contract in violation of the preceding sections of the act, the borrower from whom the usurious interest was taken has a right of action to recover treble the amount of the money so paid. (§ 3.) It would seem to follow then that the recovery to which a borrower-plaintiff is entitled is an amount equal to three times the amount by which the sum actually collected exceeds a loan actually made. In other words sections 1 and 2 disallow the lender any amount over and above the loan made and fees properly charged, and hence when he collects a further sum, he is liable in treble the amount thereof notwithstanding his forbearance beyond the maturity date of the note. Thus it was held in *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 at page 625 [254 P. 956, 255 P. 805, 83 A.L.R. 725], that parties may freely contract within the 12 per cent per annum limit, but, said the court, "This means, also, that commissions and bonuses may be charged by the lender, but all such charges must, when added to the interest specified

and spread over the whole period of forbearance, be kept within the limit set by law." ■ Furthermore, interest at the stipulated rate during the period of forbearance beyond the maturity date of the note would seem to be but "a part of the enterprise evidenced by the first note and bears all the markings of an illicit deal." (*Martin* v. *Ajax Const. Co.*, 124 Cal.App.2d 425, 431 [269 P.2d 132].) Therefore to allow a lender who has violated the Usury Law to be credited with the same when computing the amount of recovery to which a borrower suing under section 3 is entitled, would be violative of the legislative purpose and intent in the enactment of such a statute.

Defendant next contends that to sustain a charge of usury the evidence not alone must be clear and convincing, but since usury laws are quasi penal by nature, plaintiffs must establish defendant's guilt with the same degree of certainty as if the action were criminal and not civil. The case relied upon in support of such argument, *Merk* v. *Gelzhaeuser*, 50 Cal. 631, has only been cited once and then only to be impliedly if not expressly overruled. (See opinion of Garoutte, J. on denial of petition for hearing *en banc* in *Hearne* v. *De Young*, 119 Cal. 670, 682 [52 P. 150, 499].) ■ There can be no question that here as in any other civil case the plaintiff who charges the exaction of usurious interest has the burden of proving the charge by a mere preponderance of the evidence. (*Knoll* v. *Schleussner*, 112 Cal.App.2d 876 [247 P.2d 370].)

Additionally defendant would have this court reweigh the evidence and pass upon the credibility of the witnesses from the standpoint of their numerical weight and the inherent improbability of their testimony. ■ As the court stated in *Murphy* v. *Ablow*, 123 Cal.App.2d 853 at page 858 [268 P.2d 80],

"On appeal that part which supports the judgment must be accepted, not that part which would defeat, or tend to defeat, the judgment. Unless it clearly appears that upon no hypothesis whatever is there substantial evidence to support a finding of the trier of fact, it cannot be set aside on appeal."

Appellant next contends that the court erred in limiting cross-examination of the plaintiff Robert Brocke concerning plaintiffs' alleged contemplation of selling their premises for a sum substantially in excess of the amount borrowed. This contention is made without benefit of authority and it is difficult for us to determine the basis thereof since in any event

the evidence was wholly immaterial and could in no way have affected the judgment of the court.

Appellant further contends that the court erred in striking out without motion therefor an unspecified portion of the transcript. The record, however, shows that plaintiffs' counsel objected to the evidence in question and moved to strike. If there was any error in the court's granting of plaintiffs' motion, appellant has wholly failed to sustain his burden of showing any prejudice resulting therefrom. Furthermore a subsequent witness called by defendant testified to substantially the same effect, and hence it is difficult to perceive how the exclusion of that particular evidence resulted in a miscarriage of justice.

Defendant's final contention attacks the action of the trial court in denying his motion to reopen his case and rejecting certain offers of proof made at that time. At the time of the hearing on the first motion for a continuance, defendant sought to prove by the testimony of his wife that plaintiffs had negotiated with him some two weeks prior to the actual loan. Again we fail to see how the court's denial of such request in any way prejudiced his cause since the evidence sought to be elicited related to like evidence concerning which the court had already received multitudinous testimony. ▇ Limiting the introduction of evidence and allowing a party to reopen his case in chief are matters peculiarly within the discretion of the trial court and do not constitute grounds for reversal unless a manifest abuse of discretion is shown. (*People* v. *Berryman,* 6 Cal.2d 331 [57 P.2d 136].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied July 19, 1955, and appellant's petition for a hearing by the Supreme Court was denied August 17, 1955.