[Civ. No. 4974. Fourth Dist. Aug. 3, 1955.]

LUDWIG E. GLUSKIN, Appellant, v. ALFRED LEHRFELD et al., Respondents.

Haden, Haden & Curry for Appellant.

Crowe, Mitchell & Hurlbutt for Respondents.

MUSSELL, J.—This is an action in which plaintiff seeks cancellation of a promissory note and deed of trust, and damages.

In the amended complaint it is alleged that in the month of September, 1951, plaintiff owned an undivided one-half interest in certain ranch property in Tulare County and that defendants were the owners of the remaining interest in said property; that during said month and prior thereto defendants, intending to deceive plaintiff and to induce him to purchase the one-half interest in the property owned by the defendants, represented that there were 43.7 acres of growing olive trees on said property; that these representations were false and known by said defendants to be false, and were also made to one George Hutchinson, an appraiser; that defendants intended that said representations would be communicated to plaintiff by said Hutchinson; that plaintiff, relying upon said representations, was thereby induced to and did purchase defendants' one-half interest in the property; that plaintiff paid $10,000 on account of said purchase price and executed a negotiable promissory note for $13,000 as part of the balance thereof, which note was secured by purchase money deed of trust on said property; that the actual value of the property so purchased by plaintiff was $20,000 less than the purchase price thereof and that plaintiff was damaged in said sum; that plaintiff fears that defendants will transfer said note and deed of trust before maturity; that plaintiff and defendants operated said ranch as a common enterprise from April to September, 1951, defendants being the resident managers; that during said time and when the said representations were made defendants occupied a position and relationship of trust and that while defendants were acting as managers they made said representations, intending to induce plaintiff to purchase their interest in the property. The prayer of the complaint was that defendants be enjoined from disposing of the note and deed of trust; that the note and trust deed be canceled, and for damages.

In their answer defendants denied the allegations concerning the representations alleged to have been made by them, denied the allegation that plaintiff did not know the true acreage of said olive trees, denied that plaintiff believed or relied upon the representations made by the defendants and denied that plaintiff was thereby induced to purchase defendants' interest in said property, denied that the actual value of the property purchased by the plaintiff was $20,000 less

than the purchase price thereof, and denied that plaintiff was damaged as alleged in the complaint in the sum of $20,000, or in any other sum, or at all.

Defendants also filed a cross-complaint in which it was alleged that they were the owners of the deed of trust described in the complaint; that no part of the principal sum of the indebtedness evidenced by said note had been paid; and that they elected to exercise their option to declare all of the principal sum evidenced by said note immediately due and payable. In the prayer of said cross-complaint defendants asked for judgment for the principal sum of $13,000, together with interest, costs and attorney's fees, and for foreclosure and sale under the terms of said deed of trust.

The action was tried by the court without a jury and the court found, among other things, that on or about September 13, 1951, plaintiff was the owner of an undivided one-half interest in the real property involved, together with certain described personal property; that in the month of September, 1951, and prior thereto, defendants represented to plaintiff that there were 43.7 acres of growing olive trees on said property; that these representations were also made to one George Hutchinson, an appraiser, and that defendants intended that said representations would be communicated to plaintiff by Hutchinson; that said representations were made by defendants for the purpose of deceiving plaintiff and inducing him to purchase defendants' remaining one-half interest in said real and personal property; that the representation that there were 43.7 acres of growing olive trees on said property was false and known to be false by the defendants; that plaintiff was induced by said false representation to purchase defendants' remaining interest in said real and personal property for the sum of $43,511.88; that plaintiff paid $10,000 cash, executed the promissory note for $13,000 payable to defendants and secured by a deed of trust and agreed to assume certain indebtedness against the property; that only 15 acres of said property were planted to olives and that plaintiff received 28.7 acres less of olive trees than defendants had represented the property to contain; that the acreage planted to olives was purchased at a value of $400 per acre; that 28.7 acres of land which was not planted to olives, as represented, was worth $300 per acre; that the difference between the value of the land which plaintiff received and the value it would have been if planted to olives, as represented by the defendants was $2,870, or $1,435 for the one-half interest

therein purchased by plaintiff and that plaintiff was therefore damaged in the sum of $1,435; that in connection with the sale of defendants' one-half interest plaintiff became indebted to defendants in the sum of $13,000, for which plaintiff executed a promissory note for that sum, secured by a trust deed; that said note had not been paid; that said trust deed provided for the allowance of a reasonable attorney's fee in any action to collect the indebtedness secured or to foreclose the deed and that the sum of $750 was a reasonable sum to be allowed as such fee.

The court rendered judgment that plaintiff recover from the defendants the said sum of $1,435 as damages, to be allowed as an offset to the amount due on said promissory note; that defendants recover the sum of $15,128.43 on the note and deed of trust, including interest and costs and attorney fees, less the said offset, in the sum of $1,435, and that the sum of $13,693.43 was the amount of defendants' lien on the premises. It was further ordered that the property be sold to satisfy said lien.

There is no reporter's transcript in this matter and we are therefore limited to a determination whether the pleadings state a cause of action and the findings are within the issues, whether the judgment is supported by the findings and whether reversible error appears on the face of the record. (*Chenoweth* v. *Office of City Clerk,* 131 Cal.App.2d 498, 500 [280 P.2d 858]; *Montaldo* v. *Hires Bottling Co.,* 59 Cal.App.2d 642, 646 [139 P.2d 666].) It is conceded that a cause of action is stated in the amended complaint.

Where an appeal has been taken on the judgment roll alone the findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made. (*Goldberg* v. *List,* 11 Cal.2d 389, 394 [79 P.2d 1087, 116 A.L.R. 900].) The findings should receive a liberal construction to uphold rather than to defeat the judgment. (*Montaldo* v. *Hires Bottling Co., supra,* 646.)

Appellant does not dispute the truth of the facts found by the court but argues that the measure of damages announced and used by the trial court was erroneous because the measure used in determining the damages as to the portion of the property considered severally by the court was "loss of bargain" rather than "out of pocket" rule. In this

connection he cites section 3343 of the Civil Code, which provides that:

"One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction.

"Nothing herein contained shall be deemed to deny to any person having a cause of action for fraud or deceit any legal or equitable remedies to which such person may be entitled."

In *Bagdasarian* v. *Gragnon*, 31 Cal.2d 744, 762 [192 P.2d 935] (cited by appellant), the court, in construing said section of the code, held that the statute was enacted to provide the uniform rule for all fraud cases, and the rule stated therein (the out-of-pocket rule) is the exclusive measure of damages. However, in the instant case the trial court stated in his opinion, contained in the clerk's transcript, that while plaintiff introduced evidence by George Murphy, an appraiser, as to the value of the ranch in its entirety, and then claimed the difference between that appraised value for one-half interest and the amount paid therefor, no such yardstick could be used to measure damages because the sale price included personal property which was not appraised by Murphy, and further because the said appraisal made no mention of the bare land. ▮ In this connection it appears that appellant did not plead any damages except with respect to the real property involved in the sale and the trial court found that said sale not only included said real property but very substantial quantities of personal property. It is also apparent that appellant did not prove that the value of the one-half interest in and to both the real and personal property which he acquired from the defendants was any less than the price paid therefor. Under the rule stated in *Goldberg* v. *List, supra,* it must be inferred that the value of the one-half interest of the respondents in and to all of the real and personal property involved in the sale, except the olive acreage, was worth at least what the appellant paid for it, and that the only item included in said sale which was not worth what the appellant paid for it was said olive acreage and that the difference between what plaintiff paid for all of the property purchased and the value of that which he received was the amount of $1,435 awarded as damages by the trial court.

It is next contended that it was error for the trial court to refuse appellant's motion to reopen the case to allow him to present evidence of the value of the personal property he received in the sale and further evidence of the value of the olive acreage. The trial of the action was concluded on July 24, 1953, and the motion was not made until May 26, 1954. Plaintiff did not plead the value of the personal property in his complaint and no request was made to amend it to allege the character of the sale established by the evidence. Furthermore, plaintiff did not state in his motion or affidavit supporting it that the value of the one-half interest in both the real and personal property included in the sale was anything less than the price paid therefor by appellant. There was nothing in the testimony suggested in the affidavit that would compel a different decision by the trial court. The ruling on the motion was largely a matter of discretion of the trial court. (*Weber* v. *Marine Cooks & Stewards' Assn.*, 93 Cal.App.2d 327, 340 [208 P.2d 1009]; *Vangel* v. *Vangel*, 116 Cal.App.2d 615, 627 [254 P.2d 919].)

A trial court may properly refuse to reopen a case for the introduction of additional evidence when there is no showing of any excuse for not having produced it at the trial or of due diligence; where the evidence, if received, cannot produce a different result, as where the proposed evidence is merely cumulative; or where no issue was raised by the pleadings to which the offered evidence is relevant.

It is proper to refuse to reopen a case to admit evidence which the court believes will not justify changing the decision, when the failure to produce the evidence at the trial was due to counsel's mistake in law in that he did not deem it material or necessary. (24 Cal.Jur. § 50, p. 770.) No abuse of discretion appears in the denial of plaintiff's motion.

Appellant contends that the award of counsel fees to respondents constitutes reversible error. This argument is not meritorious and apparently is based on the grounds that there was no need to bring the cross-complaint and that the power of sale recited in the trust deed provided a means of recovering the value of the security without necessity of a case in equity. However, appellant in his complaint sought cancellation of the promissory note and trust deed and under such circumstances respondents were entitled to cross-complain for the foreclosure of the deed and since the note and trust deed provided for recovery of attorney's fees, the

trial court was not in error in awarding them. (18 Cal.Jur. § 738, p. 507.)

Appellant further contends that it was error for the trial court to adjudge the foreclosure of the trust deed since respondents were guilty of intentional fraud in connection with the sale of the property. This contention is likewise without merit. Plaintiff affirmed the contract of purchase with knowledge of the fraud and therefore consented to be bound by the terms of the agreement. Under such circumstances respondents were entitled to a foreclosure of the deed. (*Williamson* v. *Clapper*, 88 Cal.App.2d 645, 653 [119 P.2d 337].)

The judgment is affirmed.

Barnard, P. J., concurred.