403 P.2d 26

**NATIONAL AMERICAN LIFE INSURANCE COMPANY,** successor to Continental Republic Life Insurance Company, Plaintiff and Appellant,

v.

**BAYOU COUNTRY CLUB, INC., et al.,** Defendants and Respondents.
E & M Ford Sales and Utah Bankers Association, Amicus Curiae.

No. 10138.

Supreme Court of Utah.

June 11, 1965.

Robert W. Hughes, Brayton, Lowe & Hurley, John W. Lowe, Salt Lake City, for appellant.

Nolan J. Olsen, Midvale, for respondents.

Louis H. Callister, Sr., Salt Lake City, for E & M Ford Sales, amicus curiae.

Fabian & Clendenin, Peter W. Billings, Salt Lake City, for Utah Bankers Ass'n, amicus curiae.

NELSON, District Judge:

This is an action commenced by the plaintiff to collect a promissory note and to forc-

close a mortgage on a country club. The defendant Bayou Country Club counterclaimed asserting the loan was usurious and claiming forfeiture of unpaid interest, treble the amount of an alleged discount, treble the amount of sums paid allocable to interest, and an attorney's fee.

The record discloses the Bayou Country Club was a newly incorporated corporation organized for profit. It was set up for the purpose of constructing club facilities and selling memberships to buyers who would have no equity in the facilities, but only the right to use them. The venture was underfinanced. After acquiring land southeast of Salt Lake City, and starting construction thereon, the corporation ran out of money. (R. 445, p. 4) Thereafter the officers and organizers of the Bayou Company asked one Frank A. Nelson, Jr., president of the Murray State Bank where the new club had its account, to find a lender who would loan them money sufficient to complete their building project. Nelson induced the Continental Republic Life Insurance Company to make a loan, and a $65,000 note was executed by the Bayou Company. Nelson arranged the closing of the transaction, which occurred September 7, 1961 (R. 446, p. 16). Continental Republic made its check in the amount of $65,000 payable to Bayou and to McGhie Abstract Company.

The record further discloses that the Bayou Company received the sum of $50,-000 cash. It further shows that plaintiff admitted the sum of $15,000 had been received by plaintiff in consideration for making the loan. Defendant, during the course of the hearings, stipulated $500 of the $15,-000 had been used for an insurance policy on the life of the president of the company. The defendant denies ever having received the balance of $14,500. It was stipulated by the parties that $2,630.27 was the correct sum which plaintiff had charged to interest, calculated on the basis of nine per cent (9%) per annum on the sum of $65,000.

The record further discloses that Nelson, unknown to plaintiff, was getting a commission from Bayou in addition to a $2,-000 commission from plaintiff (R. 242, 445 p. 24, 446 p. 14).

It is the claim of the plaintiff that the $14,500 was used to pay an outstanding note owed by Bayou Company to Nelson in the amount of $15,000. In support of this claim plaintiff refers to the record which states that this note was marked "Paid 9–12–61 Frank A. Nelson, Jr." with the further statement thereon "September 6, 1961. To whom it may concern: The Bayou Country Club is indebted to me personally, in the amount of $15,000." Signed "Frank A. Nelson, Jr." (R. 448, p. 6 exhibit 1). This cancelled note was delivered by Nelson to McGhie Abstract Company. McGhie Abstract gave Nelson its check in the amount of $15,-000 (R. 448, p. 6 exhibit 5). What Nelson

did with it does not appear in the record but Bayou Company conceded that it received value to the extent of $500 for insurance premium. McGhie Abstract Company held the remaining $50,000 for Bayou's account. Defendant denies it owed the alleged debt to Nelson.

The record shows five monthly payments totaling $3,876.56 were made by Bayou after which it defaulted on the loan. Continental Republic had to advance $1,540.10 for taxes and fire insurance on the mortgaged property when Bayou failed to pay for them. Continental Republic demanded payment of the note and mortgage and when the demand was not met commenced this action.

The suit has necessarily involved numerous parties including mechanics lien claimants.

After the commencement of the action and prior to the appeal, Continental Republic Life Insurance Company was merged into National American Life Insurance Company.

At a pretrial the District Court ruled by way of Summary Judgment that as a matter of law, plaintiff had violated the usury laws of Utah; that defendant had paid plaintiff for making the loan the sum of $14,500 and had paid additional interest of $2,630.27, both of which sums were allowed to be trebled; that plaintiff should be awarded judgment for the sum of $65,293.81, together with an attorney's fee of $6,000 and costs; and that defendant should be granted judgment for $51,390.81, together with an attorney's fee in the sum of $5,000. Plaintiff, after offsetting defendant's judgment, would receive $14,903. which sum included the $6,000 attorney's fee.

In its appeal the appellant seeks an award of interest on its note and reversal of Bayou's judgment on its counterclaim and dismissal of the counterclaim. In the alternative, appellant asks for a remand for trial on the question of usury and estoppel and with direction that in the event Bayou should recover on its counterclaim, such recovery should exclude treble the amount of the $14,500 alleged discount.

The appellant bases his contentions and argument on five points:

1. There was an issue of fact as to whether or not the loan was usurious.

2. There was an issue of fact as to whether or not Bayou should be estopped to assert usury.

3. Payments may be allotted by the lender to principal rather than to interest and there is therefore no payment of interest to be trebled as damages.

4. A discount is not subject to being trebled.

5. The usury laws of Utah are unconstitutional.

Point five has upon stipulation and motion of the parties hereto been dismissed by order of this Court, without prejudice to the rights of appellant as to their remaining points.

█ Under point one plaintiff-appellant maintains the lower court erred in granting a summary judgment in which it held the transaction in question was usurious and then granted the relief prayed for by the defendant-respondent Bayou Country Club. Appellant contends there were questions of fact, particularly as to the alleged $15,000 note requiring further evidence to decide its validity. To affirm the lower court on this point we must conclude from an examination of the record there was no unresolved question of disputed material fact, the solution of which would be required for verdict and judgment.

██ As a general rule summary judgment at a pretrial hearing may be granted only under circumstances covered by the terms of the statute or court rule,[1] and where so provided the remedy is available to both the plaintiff and the defendant on original action or counterclaims. The rules permitting summary judgments should not be enlarged by construction yet it should be liberally interpreted to effectuate their purpose, to effect the prompt administration of justice,[2] and to expedite litigation by avoiding needless trials[3] where no triable issue of fact is disclosed.[4]

We have heretofore ruled that summary judgment can properly be granted under Rule 56(c) if the pleadings, depositions, admissions, stipulations, together with any other proper evidence, show without dispute that the party is entitled to prevail.[5]

Justification for the granting of summary judgment will depend largely upon whether or not the record will support the District Court's finding that the alleged note of $15,000 from Bayou Country Club to Nelson was not a bona fide obligation, but a sham to delude attention from the real principle involved in the case.

We believe and hold that the record supports the lower court in its findings of fact as here stated: The defendant Bayou Co. did not at any time have knowledge that Frank A. Nelson, Jr. was to receive any part of the $15,000 (R. 450, p. 14, 25). Frank A. Nelson, Jr., upon instructions from plaintiff, and as agent of plaintiff, procured from McGhie Abstract Co. a check in the sum of $15,000. (R. 448, Exhibit J., R. 450, p. 16, 17, 20). Frank A. Nelson, Jr. then returned to his bank, and upon the instruc-

1. 49 C.J.S. Judgments § 220, p. 388.
2. First Trust Co. of Albany v. Dumary, Sup., 23 N.Y.S.2d 532.
3. Prudential Ins. Co. of America v. Goldstein, D.C.N.Y., 43 F.Supp. 767.
4. Puckett v. American Life of Illinois, 294 Ill.App. 605, 13 N.E.2d 828.
5. Christensen v. Financial Service Co., 14 Utah 2d 101, 377 P.2d 1010, 1012; Kidman v. White, 14 Utah 2d 142, 378 P.2d 898, 900.

tions of the president of Continental Republic Life Insurance Company, deposited the check (R. 450, Exhibit "C"). The sum of $12,500 was deposited to the account of plaintiff (R. 450, Exhibits "E", "F"). The sum of $2,000 was deposited to the account of Frank A. Nelson, Jr. (R. 450, Exhibit "C" and Exhibit "G"). The remaining $500 was remitted to plaintiff for a premium on a life insurance policy on the life of the president of defendant (R. 450, Exhibit "C"). Frank A. Nelson, Jr. was instructed by plaintiff to procure the $15,000 from defendant at the time the loan was closed (R. 450, p. 17, 30). Defendant had orally promised Frank A. Nelson, Jr. the sum of $1,000 for his services which sum was to be paid at a later date.

■ The court further found as a fact that plaintiff at no time denied the charge that it had demanded and received the $14,-500 as a consideration for making the loan to defendant. The $14,500 paid by defendant to plaintiff was 22.31 per cent of the entire loan. Upon such examination we find there was no unresolved fact question which constituted a triable issue.

■ We are of the opinion that in our discussion of point one of plaintiff's argument we have given answer to its point two, wherein plaintiff claims it should be entitled to show at a trial that Bayou should be estopped to assert usury. Such estoppel would result, it claims, from proof that plaintiff did not know the loan was usurious and did not know of the $15,000 alleged note, and that it was Bayou and Nelson who did know the loan was usurious and conspired to create a usurious loan. While if such were true there may be some justification for the court holding other than it did,[6] the whole record belies such a contention. Plaintiff could not very well say it did not have knowledge of the note, while at the same time, by word and action, admit it was aware of the fact, and that the note was part of the consideration in granting the loan.

■ The violation of the law resulted in the making of the agreement to exact and pay usurious interest and not in the performance of the agreement. The test to be applied in any case is whether there was an expressed intention to charge a rate of interest greater than is allowed by law, and this is determined as of the date of its inception.[7] Whether interest in excess of the allowed rate is charged will be determined by the amount the borrower actually receives.[8]

6. Massie v. Rubin, 10 Cir., 270 F.2d 60, 62; Nikkel v. Lindhorst, 85 Colo. 334, 276 P. 678, 63 A.L.R. 959.
7. Seebold v. Eustermann, 216 Minn. 566, 13 N.W.2d 739, 152 A.L.R. 585; Gaither

v. Farmers and M. Bank, 26 U.S. 37, 7 L.Ed. 43.
8. Taylor v. Budd, 217 Cal. 262, 18 P.2d 333.

■ Having in mind the purpose of the usury statute, we subscribe to the view that the borrower is not particeps criminis with the lender in a usurious transaction.[9]

■ We agree with plaintiff that payments may be allotted by the lender to principal rather than to interest, but such cannot legally be done when the object is to make invalid the penalty clause of the usury statute.[10] In this case it appears that the intention of the plaintiff was to pervert the usury statute. The plaintiff took the $14,500 as consideration for making the loan and said sum can only be considered as additional interest because the sum was never credited to defendant as principal, and the sum of $65,000 has been claimed by plaintiff at all times in these proceedings. Further, the $2,630.27 was charged on plaintiff's books as interest and not allocated to principal.

While the plaintiff may have suffered grievous loss and the penalties have been harsh, we cannot change the law for his alleviation. Further, the plaintiff entered into the transactions for the purpose of taking profit not permitted by statute.[11]

■ In support of point four plaintiff presents a specious argument. It has de-ceptive attraction, but lacks substance and genuineness. No other logical conclusion can be reached than the $14,500 withheld from the defendant was a commission or bonus paid by defendant and was not a discount taken by plaintiff. It is contended by plaintiff that the only thing that might make the loan usurious is a discount, but a discount would not constitute a payment by Bayou subject to be trebled.[12] The record will not justify such a conclusion. To the contrary, it discloses that as of the time when the loan was executed the $14,500 became money which was then the personal property of the defendant. Plaintiff at no time expected to receive the $14,500 as a discount over the period of fifteen years, but received the said sum in advance as a payment from the defendant, and as a bonus in consideration for making the loan.

We hold 15–1–7 Utah Code Annotated, 1953, as amended, with the provision for treble damages is applicable in the case at bar.

The District Court having taken evidence on the issue of attorneys fees, provided for by the contract, and based thereon, made its order for payment of the same, we find no

9. Seebold v. Eustermann, supra, 55 Am.Jur. Usury, Section 101.

10. Goodwin v. Alston, 130 Cal.App.2d 664, 280 P.2d 34.

11. Goodwin v. Alston, supra; Brocke v. Naseath, 134 Cal.App.2d 23, 285 P.2d 291, 51 A.L.R.2d 1083.

12. Brown v. Marion National Bank, 169 U.S. 416, 18 S.Ct. 390, 42 L.Ed. 801.

reason to modify or deny the amount allowed.

The judgment of the District Court is affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

CALLISTER, J., having disqualified himself, does not participate herein.