[Civ. No. 46761. Second Dist., Div. Four. May 24, 1976.]

WARREN JAMES WESTERHOLM et al.,
Cross-complainants and Appellants, v.
20TH CENTURY INSURANCE COMPANY,
Cross-defendant and Appellant.

## COUNSEL

Ives, Kirwan & Dibble, Vincent M. Heublein and Peter M. Fonda for Cross-complainants and Appellants.

Fernandes & Le Berthon, James Fernandes and Arthur M. McClure for Cross-defendant and Appellant.

## OPINION

**DUNN, J.**—In a personal injury action by John Kellums against Robert Balzer and Warrens Automotive Service, the defendants filed a cross-complaint for declaratory relief against 20th Century Insurance Company. The cross-complaint alleged: cross-complainant Warren Westerholm operates, in Glendale, a garage known as Warrens Automotive Service; Westerholm owned a 1957 Chevrolet automobile which was used in his garage business; on May 11, 1971, cross-complainant Balzer, who then was 18 years old and was living with his parents, was driving the Chevrolet, with the permission of its owner; while Balzer was driving the Chevrolet, it was involved in an accident; as a result of that accident, a lawsuit was filed by Kellums against Westerholm and Balzer; at the time of the accident Balzer was insured under a policy issued by cross-defendant 20th Century Insurance Company; an actual controversy exists between the parties, in that cross-complainants contend that, under Insurance Code section 11580.9, subdivision (a)(2), the policy issued by cross-defendant furnishes primary coverage for the loss arising out of the accident, and therefore cross-defendant is obligated to furnish a defense to Balzer and to pay any judgment entered in Kellums' favor; cross-defendant denies such contentions; cross-complainants desire a judicial declaration regarding the applicability of the insurance coverage furnished by cross-defendant to Balzer; cross-complainants have incurred legal expenses in defending Kellums' action, and therefore are entitled to an award of attorneys' fees.

An answer to the cross-complaint was filed, denying its allegations. Thereafter, the parties entered into a written stipulation of the following facts: on May 11, 1971, while Balzer was driving the 1957 Chevrolet automobile with the permission of its owners (Dorene and Warren Westerholm), said automobile struck the rear of a vehicle driven by Kellums; as a result of the accident, Kellums brought a personal injury

action against Balzer and Westerholm, the latter both individually and doing business as Warrens Automotive Service; at the time of the accident, Balzer was a member of his father's household; his father had a policy of automobile liability insurance issued by 20th Century Insurance Company with personal injury limits of $15,000; Westerholm is the sole proprietor of Warrens Automotive Service, which is an automobile repair shop; Westerholm had a policy of automobile liability insurance issued by Utica Mutual Insurance Company with personal injury limits of $100,000; both the 20th Century policy and the Utica policy were renewed after November 23, 1970, and before May 11, 1971; Utica settled Kellums' action for $75,000; said settlement was reasonable and proper; the declaratory relief action was brought by Utica in the names of cross-complainants to determine which of the two policies (that issued by Utica or that issued by 20th Century) furnished primary insurance for the loss arising out of the accident of May 11, 1971.

On May 30, 1974, the cross-action for declaratory relief was tried by the court, sitting without a jury, and was submitted. On June 5th, the court filed its memorandum of intended decision in favor of cross-complainants. On July 11th, cross-complainants filed a motion to reopen the matter "for the limited purpose of introducing evidence pertaining to costs and fees" as prayed for in the cross-complaint. On October 25th, the motion was denied.

On December 24, 1974, findings of fact and conclusions of law were signed and filed. The court found, as facts: Utica Mutual Insurance Company issued its policy of automobile liability insurance to Warren Westerholm, doing business as Warrens Automotive Service; the 1957 Chevrolet automobile was an insured vehicle under such policy; that automobile was driven principally by Scott Westerholm, the minor son of Warren and Dorene Westerholm; it was supplied to him by his parents for his personal use, but it also was used in the business; Scott was employed at his father's place of business; he worked there after school, from about 3 p.m. to closing time; he used the 1957 Chevrolet to pick up automobile parts to be used in the business; he also drove the car to the homes of customers to pick up their cars for servicing, leaving the Chevrolet at the customer's home until his car was returned; on occasion, Warren Westerholm also used the Chevrolet in his business; on May 11, 1971, the day of the accident, Robert Balzer considered purchasing the Chevrolet, and wished to have it inspected by a mechanic of his choice; he asked Scott Westerholm if he could take the car for this purpose; permission was granted, and Robert picked up the car at Warrens

Automotive Service; at the time of the accident, Robert was an insured under the policy issued to his father by 20th Century Insurance Company.

As conclusions of law, the court determined: the provisions of Insurance Code section 11580.9, subdivision (a)(2), are controlling; the policy insuring Warren Westerholm was issued to a named insured engaged in the business of selling, servicing, delivering, testing, road testing, parking or storing vehicles; at the time of the accident, the 1957 Chevrolet insured under such policy was being operated by a person other than an employee or agent of Westerholm; under these circumstances, the policy of 20th Century Insurance Company furnished primary coverage for the 1957 Chevrolet driven by Balzer at the time of the accident.

On December 26, 1974, judgment was entered ordering that cross-defendant pay to Utica Mutual Insurance Company the sum of $15,000 as (partial) reimbursement for the $75,000 paid by Utica to Kellums in settlement of his action against Westerholm and Balzer.[1]

Cross-defendant appeals from the judgment. Cross-complainants Westerholm and Balzer cross-appeal "on the limited issue of the denial of the motion to reopen case for purposes of litigating attorneys fees and costs and the granting of the motion to tax costs rendered on January 31, 1975."[2]

---

[1] An action for declaratory relief is equitable, and a court of equity will administer complete relief when it assumes jurisdiction of a controversy. (*Laurance* v. *Security-First Nat. Bank* (1963) 220 Cal.App.2d 622, 626 [34 Cal.Rptr. 56].) Hence, in such an action it is proper for the court to grant any relief consistent with the evidence and the issues embraced by the pleadings. (*Kroepsch* v. *Muma* (1969) 272 Cal.App.2d 467, 474 [77 Cal.Rptr. 348]; *Birdsong* v. *Welch* (1960) 181 Cal.App.2d 749, 754 [5 Cal.Rptr. 474]; *Kelso* v. *Sargent* (1936) 11 Cal.App.2d 170, 179 [54 P.2d 26].) Here, the cross-complaint for declaratory relief alleged the existence of a controversy regarding cross-defendant's obligation to pay any judgment entered in Kellums' favor in his action against cross-complainants. The stipulation of facts established that Utica paid Kellums $75,000 in settlement of his action. The judgment, which ordered that cross-defendant reimburse Utica in the sum of $15,000 (the limit of the coverage furnished to Balzer by cross-defendant), thus is consistent with the pleadings and the evidence. The judgment, in effect, is also a declaration of the respective rights and duties of the parties.

[2] A notice of appeal must be liberally construed in favor of its sufficiency. (Cal. Rules of Court, rule 1, subds. (a), (f); *Luz* v. *Lopes* (1960) 55 Cal.2d 54, 59 [10 Cal.Rptr. 161, 358 P.2d 289].) Thus, we construe the notice of cross-appeal as an appeal from the judgment insofar as the judgment failed to include an award of attorneys' fees and costs to cross-complainants.

*Appeal of Cross-defendant*

Insurance Code section 11580.9 provides in pertinent part: "(a) Where two or more policies affording valid and collectible automobile liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, and one of such policies affords coverage to a named insured engaged in the business of selling, repairing, servicing, delivering, testing, road-testing, parking, or storing motor vehicles, then both of the following shall be conclusively presumed: [¶] (1) If, at the time of loss, the motor vehicle is being operated by any person engaged in any of such businesses, or by his employee or agent, the insurance afforded by the policy issued to the person engaged in such business shall be primary, and the insurance afforded by any other policy shall be excess. [¶] (2) If, at the time of loss, the motor vehicle is being operated by any person other than as described in paragraph (1), the insurance afforded by the policy issued to any person engaged in any of such businesses shall be excess over all other insurance available to such operator as a named insured or otherwise. . . . [¶] (d) Except as provided in subdivision (a), (b), and (c), where two or more policies affording valid and collectible liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which such motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess. . . ."[3]

The findings of the trial court, together with the stipulation of facts, established the following facts: Utica Mutual Insurance Company issued its policy of automobile liability insurance to Warren Westerholm, who was engaged in the business of repairing automobiles; the 1957 Chevrolet was an insured vehicle under that policy, and was used in Westerholm's business; at the time of the accident, the Chevrolet was driven by Balzer, who was neither an employee nor an agent of Westerholm; automobile liability insurance coverage was extended to Balzer under the policy issued to his father by 20th Century Insurance Company. ■ Thus, the conclusive presumption[4] set forth in subdivi-

---

[3]Insurance Code section 11580.9 was added by Statutes 1970, chapter 300, section 7, effective November 23, 1970. It applies to insurance policies issued or renewed on or after such date. (Stats. 1970, ch. 300, § 8.)

[4]Evidence Code section 600: "(a) A presumption is an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action. . . ."

Evidence Code section 601: "A presumption is either conclusive or rebuttable. . . ."

sion (a)(2) of section 11580.9 applies, with the result that the insurance afforded by Utica's policy issued to Warren Westerholm was excess over the insurance available to Balzer under the policy issued by cross-defendant.

Cross-defendant contends: the evidence showed that Scott Westerholm was the "de facto" owner of the Chevrolet, that Scott was not engaged in the business of repairing automobiles, and that the Chevrolet was not used exclusively in such business; therefore, subdivision (d) governs, and the policy issued by Utica affords primary coverage.

Under section 11580.9, the initial question is whether one of such policies affords coverage to a named insured engaged in the business as outlined in the statute. If that question is answered in the affirmative, and the vehicle was driven by the person engaged in such business (or by his employee or agent) at the time of an accident, the insurance afforded by his policy is primary; if the vehicle was driven by any other person, the insurance available to such person under the Utica policy is excess. Here, the vehicle was driven by a "person other than as described in paragraph (1)," and the policy was issued to the person engaged in such business; thus, Utica's policy was excess.

### Cross-Appeal of Cross-complainants

■ A motion to reopen a case for the purpose of introducing further evidence must be made on affidavit stating what the moving party expects to prove, the character of the evidence proposed to be introduced, the diligence exercised to introduce the evidence during the trial, and the reasons justifying the failure to offer it at that time. (*Estate of Brady* (1950) 95 Cal.App.2d 511, 513 [213 P.2d 125]; 48 Cal.Jur.2d 159-160, Trial, § 114.) In the instant case, the declaration submitted by cross-complainants in support of their motion to reopen failed to show either the nature of the evidence proposed to be offered, or any excuse for the failure to have introduced such evidence during the trial. The granting or denial of a motion to vacate the submission of a cause for the purpose of introducing additional evidence rests in the discretion of the

---

Evidence Code section 620: "The presumptions established by this article, *and all other presumptions declared by law to be conclusive*, are conclusive presumptions." (Italics added.)

A conclusive presumption is a rule of law determining the quantity of evidence requisite for the support of a particular averment which is not permitted to be overcome by any proof that the fact is otherwise. (*Paul* v. *Los Angeles County Flood Control Dist.* (1974) 37 Cal.App.3d 265, 272 [112 Cal.Rptr. 274].)

trial court, and its ruling will not be disturbed on appeal unless a clear abuse of discretion is shown. (*De Angeles* v. *Roos Bros., Inc.* (1966) 244 Cal.App.2d 434, 440-441 [52 Cal.Rptr. 783]; *Giomi* v. *Viotti* (1956) 144 Cal.App.2d 714, 718 [301 P.2d 597]; *Brocke* v. *Naseath* (1955) 134 Cal.App.2d 23, 27 [285 P.2d 291, 51 A.L.R.2d 1083]; *Keppelman* v. *Heikes* (1952) 111 Cal.App.2d 475, 483-484 [245 P.2d 54].) In view of the defective showing in cross-complainants' declaration, the trial court did not abuse its discretion in denying the motion to reopen. (See *Ensher, Alexander & Barsoom* v. *Ensher* (1964) 225 Cal.App.2d 318, 326 [37 Cal.Rptr. 327]; *Gluskin* v. *Lehrfeld* (1955) 134 Cal.App.2d 804, 810 [286 P.2d 457]; *Pocock* v. *Deniz* (1955) 134 Cal.App.2d 758, 761-762 [286 P.2d 466]; *Taylor* v. *Continental Southern Corp.* (1955) 131 Cal.App.2d 267, 280 [280 P.2d 514]; *Kan* v. *Tsang* (1949) 90 Cal.App.2d 538, 542 [203 P.2d 86]; *Lee* v. *Dawson* (1941) 44 Cal.App.2d 362, 369 [112 P.2d 683].)

Cross-complainants also appeal from an order granting cross-defendant's motion to tax costs. Such an order is separately appealable as an order made after judgment. (Code Civ. Proc., § 904.1, subd. (b); *Hennessy* v. *Superior Court* (1924) 194 Cal. 368, 372 [228 P. 862]; *Markart* v. *Zeimer* (1925) 74 Cal.App. 152, 155-156 [239 P. 856]; 4 Witkin, Cal. Procedure (2d ed.) Judgment, § 114, p. 3265.) However, as cross-complainants in their brief make no reference whatever to that order, the appeal therefrom will be deemed to have been abandoned. (See *Long* v. *Cal.-Western States Life Ins. Co.* (1955) 43 Cal.2d 871, 883 [279 P.2d 43]; *Kurtz* v. *Kurtz* (1961) 189 Cal.App.2d 320, 328 [11 Cal.Rptr. 230]; *Stafford* v. *People* (1956) 144 Cal.App.2d 79, 83 [300 P.2d 231].)

The judgment and the order are affirmed. Each party is to bear its own costs of appeal.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.