## ANN L. WHITNEY, Respondent, v. JOSEPH S. RICH-ARDS et al., Appellants.

1. *Accord and Satisfaction.*

Plaintiff agreed to accept a conveyance of certain land, and a re-lease of a trust deed thereon, and a mortgage on other land, as an accord and satisfaction of a note held against defendants. *Held*, that the conveyance and mortgage, without a release of the trust deed, did not amount to such accord and satisfaction.

2. *An Agreement as Satisfaction, or its Execution as Satisfaction—Distinction.*

When an agreement is accepted as a satisfaction of a note, there is an accord and satisfaction. When its execution is to be accepted as satisfaction, there can be no accord and satis-faction without performance.

3. *Opinion as to Value—No Grounds of Recovery.*

A vendor of property may express his opinion to the vendee as to its value, and, if honestly mistaken, such representation will not justify an action or authorize a rescission of the con-tract by the vendee in case he is deceived.

4. *Opinions—When Ground of Recovery, or Justification for Re-scission of Contract.*

The vendor of land making representations as to its value which, as a reasonable man, he should not have believed, and they are a part of a scheme to induce the purchase, and the vendee has no opportunity for examination, and is inexper-ienced, and relies upon them, and sustains damage, he may elect to rescind the contract, or sue to recover damages, in con-sequence of the fraud.

5. *Plea of Accord and Satisfaction—Evidence in Response.*

The note sued upon being in plaintiff's hands, and the defend-ants having set up an agreement, conveyance, and mortgage to show satisfaction, the plaintiff might prove in response that the agreement was obtained, and the deed and mortgage ac-cepted, upon false representations, and that she had rescinded

the agreement, and offered to return the deed, and had released the mortgage, without setting up the facts in a replication.

(Syllabus by the Court.)

(No. 929.  Decided June 30, 1898.)

Appeal from district court, Salt Lake county; A. N. Cherry, *Judge.*

Action by Ann L. Whitney against Joseph S. Richards and others.  Plaintiff had judgment, and defendants appeal.  *Affirmed.*

*Williams, Van Cott & Sutherland,* for appellants.

*Rawlins & Critchlow,* for respondent

ZANE, C. J.:

This action was instituted on October 17, 1896, to recover the balance alleged to be due the plaintiff on a promissory note, executed by defendants, for $17,000, with interest at $60 per month, from its date, November 1, 1890.  The defendants answered, admitting the execution of the note, but alleging in avoidance that defendant Joseph S. Richards was the principal, and the other defendants were his sureties; that on October 27, 1893, he executed and delivered to the plaintiff his note for $1,500, and a conveyance of real estate, described, which plaintiff accepted in full satisfaction and discharge of the note declared on; that defendant Joseph, at the same time, agreed to obtain the cancellation of a trust deed upon the land to secure a note for $4,000 and that she might retain the note for $17,000 until such cancellation; that on November 1, 1893, he executed to her a mortgage on other real estate, to indemnify her against all loss that might occur

in consequence of the trust deed; that, subsequent to the conveyance, plaintiff took possession of the land conveyed to her, and paid the taxes assessed thereon, and received the rents thereon.   On the trial of the case, the note sued on was offered in evidence by the plaintiff, and admitted, and the note for $1,500, deed of conveyance to the plaintiff, and the mortgage on other lands to indemnify plaintiff against the trust deed on land conveyed, were admitted in evidence; and proof of the receipt of the rents, and payment of taxes set up in the answer by the plaintiff was also made, together with a paper signed by plaintiff in which she acknowledged Joseph had executed to her the trust deed mentioned in the answer, and agreeing to deliver to him the note for $17,000, when he should procure the cancellation of the deed of trust mentioned. The plaintiff admitted payment of the note for $1,500, and the interest on the note sued on to December 1, 1894. As to the accord and satisfaction alleged in the answer, the evidence tends to prove the satisfaction and release of the trust deed upon the land conveyed to plaintiff was a part of the agreement of the defendant Joseph, which, together with the conveyance and mortgage, are claimed as a satisfaction of the note.   That being so, it would appear that the performance of the agreement was to be accepted as an accord and satisfaction of the note for $17,000; that the agreement, with a partial execution of it, as shown by the evidence, was not to be accepted as a satisfaction; that the entire transaction constituting the agreement of accord and satisfaction required the removal of the lien of the trust deed by the defendant Joseph, and without it the agreement of accord and satisfaction was not executed.   The law of accord and satisfaction makes a distinction between an agreement accepted as a satisfaction and an agreement whose performance is to be accepted

as satisfaction. In response to the new matter set up in the answer, and by way of confession and avoidance, the plaintiff offered evidence tending to prove that her assent to the agreement of accord and satisfaction—her acceptance of the $1,500 note and deed of conveyance and the mortgage—was obtained by fraudulent representations of the defendants Joseph and Willard. It appears from the evidence that on October 12, 1896, plaintiff tendered to defendant Joseph S. Richards a sufficient deed to the land conveyed to her, and of the land covered by the mortgage; that she notified him at the same time of her election to rescind the agreement looking to the surrender of the note for $17,000, for the reason that her consent was procured by false representations made by him, to wit, that she would probably be unable to collect the $17,000 if she did not consent to the agreement, and that the land to be conveyed and the $1,500 note were equivalent in value to the note for $17,000. And in response to the new facts alleged in defendants' answer, as stated, the plaintiff confessed the agreement and the acceptance of the deed, mortgage, and note, its payment, and the receipt of rent, but, in avoidance thereof, testified that she resided at a distance from Salt Lake City, where the land described in the deed and mortgage was situated; knew nothing of its value or its rental value, or of the ability of the defendants to pay her note, except what they told her; that they were her nephews; that she had great confidence in them, and believed what they told her; that Joseph and Willard assured her that the land deeded and the $1,500 were worth $17,000, that the land of itself would rent for $60 per month, that Joseph was unable to pay his debts if his creditors pressed him, and that she would probably lose the $17,000 if she did not enter into the agreement. And she offered evidence tending to prove the land deeded to

her was not worth more than one-half the amount of the note; that it would probably sell for but little more than the debt secured by the trust deed upon it, which Joseph S. had failed to remove; that the rental value of the property was not more than $20 per month, instead of $60; that her note could be collected off of the defendants, and she had been deceived and misled by their statements to her. This evidence, tending to prove the foregoing facts, with other evidence tending to prove other facts less weighty, was offered, and admitted by the court, as tending to establish fraud as a justification of the recission of the agreement relied upon by the defendants, and a return of the title to the property conveyed, and a relinquishment of the mortgage. The plaintiff also testified that she had received the note for $1,500, and rents for the land conveyed, and that she had credited the same upon the note for $17,000. The defendants objected to all the evidence offered tending to show fraud, and excepted to the ruling of the court admitting it, and assigned the ruling as error

The general rule, undoubtedly, is that the vendor of personal property, or the grantor of real estate may express his opinions to the vendee or grantee as to the value of the property; and, if it turns out that he was honestly mistaken, such a representation will not be the basis of an action or authorize a rescission of the contract. But when the seller makes representations as to the value of the property which, as a reasonable man, he should not have believed, and they are part of a scheme resorted to by him to induce the purchase, and the purchaser has no opportunity of examination, and is otherwise uninformed as to the value, and is inexperienced as to such matters, and relies upon them, and is deceived and injured by them, and such representations are false, he may elect to rescind

on account of the fraud, or sue to recover damages in consequence thereof.

But the defendants insist the contention of the plaintiff, in her response to their plea, and in avoidance, cannot be determined in an action at law. The note declared upon was still in the plaintiff's hands, and the defendants set up the agreement, described in the answer, and the conveyance and mortgage, to show a satisfaction of the note declared on. Her agreement and consent to the new transactions, set up in the answer, the plaintiff insists were not binding upon her, because the evidence she offered in response proved they were obtained by fraudulent representations, and such fraud authorized her to disaffirm them, and rescind the transaction as she did. The plaintiff simply claims the fraud which she proved authorized her to rescind the transactions relied upon by the defendants in their answer. If the plaintiff had made a conveyance of land to the defendants, and had wished to regain her title because of fraud, and they had refused to reconvey, it would have been necessary for her to resort to the equity side of the court.

The defendants also urge that the false representations offered in evidence by the plaintiff, in avoidance of their answer, should have been set up in a written plea. The Code of this state deems new matter in the answer in avoidance or constituting a defense or counterclaim, as controverted by the opposite party. Comp. Laws Utah 1888, § 3248. A replication is not permitted, and new facts in avoidance of the new matter alleged in the answer may be proven in response and in avoidance, without having been pleaded. And the plaintiff may introduce evidence of fraud in avoidance, though fraud was not alleged in the complaint or in a replication. *Sterling* v. *Smith,* 97 Cal. 343; *Water Co.* v. *Raynor,* 57 Cal. 588; Pom. Code Rem. (3d Ed.), § 588.

Counsel for defendants also contend that the charge of the court was erroneous, so far as it authorized the jury to consider the evidence tending to show fraud, or rec-- ognized plaintiff's right to do so. The view of the law, as we have announced it, in deciding the questions raised. upon the rulings of the court in admitting evidence of fraud, is applicable to this question. We find no reversible error in this record. The judgment is affirmed.

BARTCH and MINER, JJ., concur.