440 P.2d 117

Vernal STRATTON and Neola Stratton, his wife, Plaintiffs and Respondents,

v.

WEST STATES CONSTRUCTION, a Utah corporation doing business within the State of Utah, Jack Lords et al., Defendants and Appellants.

No. 10841.

Supreme Court of Utah.

April 25, 1968.

Horace J. Knowlton, Salt Lake City, for appellants.

J. Harlan Burns, Cedar City, for respondents.

CALLISTER, Justice:

Defendant corporation, through its agent, contracted with plaintiffs to do certain remodeling of their home. The latter brought suit against the corporation and its president and major stockholder, Jack Lords. In their suit, plaintiffs sought damages for alleged breach of contract and fraud. After a trial the jury returned a verdict favorable to plaintiffs, the trial court entered a judgment pursuant thereto, and defendants appeal.

Upon appeal, defendants do not challenge the judgment in its holding that there was a breach of the contract or that fraud was committed by the corporate defendant. However, they assert (1) that the trial court should have ruled, as a matter of law, that there had been an accord and satisfaction, and (2) that the motion to dismiss the action as to Lords, individually, should have been granted.

There is no merit to defendants' assertion that there was an accord and satisfaction. After the breach of the original contract, plaintiffs made an agreement with corporate defendant, represented by Lords, wherein the latter agreed to procure lien releases and complete the remodeling in return for the payment by plaintiffs of all but $500 of the remodeling contract, this latter sum to be withheld until satisfactory completion of the remodeling. The lien waivers were procured, but, according to competent evidence, the remodeling was not satisfactorily completed.

The agreement relied upon the corporate defendant is in the nature of executory accord. It is not an accord and satisfaction, but rather an agreement whose performance is to be accepted as satisfaction. In the instant action, the plea of accord and satisfaction does not constitute a defense, since the corporate defendant failed to complete its performance according to the agreement of the parties. A part performance of the accord by the debtor, accompanied by unjustified failure to perform the remainder is not operative as a satisfaction and does not bar an action on the original claim.[1]

The motion to dismiss the action against Lords should have been granted. He cannot be held liable for fraud because plaintiffs failed to plead and to prove it.[2] Nor can he be held individually liable for the breach of contract. The mere fact that

1. Whitney v. Richards, 17 Utah 226, 53 P. 1122 (1898); 6 Corbin On Contracts, pp. 71, 78; 5 Williston on Contracts (3rd Ed.), pp. 258, 259, 263.
2. Pace v. Parrish, 122 Utah 141, 247 P. 2d 273 (1952); Lawrence v. Ward, 5 Utah 2d 257, 300 P.2d 619 (1956); Lundstrom v. Radio Corp. of America, 17 Utah 2d 114, 405 P.2d 339, 14 A.L.R. 3d 1058 (1965); Schow v. Guardtone, Inc., 18 Utah 2d 135, 417 P.2d 643 (1966).

**62**

Lords was president and major stockholder of defendant corporation through which he might derive an incidental benefit from the corporate breach, does not indicate that he was acting for his individual benefit. A corporation can only act through its agents, and there is no evidence indicating that Lords in his participation in the transaction acted beyond the scope of his powers or against the interests of the corporation.[3]

Affirmed as to West States Construction. Reversed as to Jack Lords. No costs awarded.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

**3.** W. P. Iverson & Co. v. Dunham Manuf. Co., 18 Ill.App.2d 404, 152 N.E.2d 615 (1958); 3 Fletcher Cyclopedia Corporations, pp. 551, 552.