504 P.2d 1019

**WESTERN STATES THRIFT AND LOAN COMPANY, a corporation, Plaintiff and Respondent,**

v.

**Wayne T. BLOMQUIST, Defendant and Appellant.**

**No. 12872.**

Supreme Court of Utah.

Dec. 18, 1972.

Ronald C. Barker, Salt Lake City, for defendant-appellant.

E. H. Fankhauser, Salt Lake City, for plaintiff-respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover on a promissory note, which defendant, as maker, had executed and delivered to plaintiff, as payee. Defendant as an affirmative defense, pleaded that the obligation had been paid by means of a compromise and settlement by a third party, who had conveyed and delivered to plaintiff certain corporate stock. Plaintiff submitted certain interrogatories to defendant, which were duly answered. Thereafter the court granted plaintiff's motion to produce all cancelled checks, receipts, money orders, or other evidence of payments made by defendant to plaintiff as set forth in defendant's answer to plaintiff's interrogatories. Approximately ten months later, defendant responded that after diligent search, he had been unable to locate any such papers. A few days later, plaintiff filed a motion for summary judgment,

which was accompanied by an affidavit. Upon hearing, plaintiff's motion was granted, and plaintiff was awarded judgment. Defendant's motion for a new trial was denied, and he appeals.

Defendant contends that the trial court erred in granting summary judgment, since there was a disputed factual issue, specifically, whether the debt had been compromised and settled by a third party conveying stock to plaintiff.

In response to plaintiff's interrogatories, defendant claimed that one Norman Hays had settled the claim. However, defendant specifically stated that he had no knowledge of the date of the alleged compromise, name of the stock delivered, or the number of shares. He knew of no documents evidencing the compromise. In regard to a question, concerning payments and amounts, he cited dates prior to the date of the execution of the note (December 28, 1967); in fact, the latest payment claimed was May 24, 1967. Finally, defendant responded "unknown" to an interrogatory, concerning the value of the corporate stock and how and by whom such value was determined.

The affidavit accompanying plaintiff's motion, was a sworn statement by Mr. Green, plaintiff's manager, who swore to the execution and delivery of the note, and the fact that no payment had been made.

He further stated that the note was a renewal for a prior existing obligation of defendant, upon which he had made payments, and for which he had been given full credit. The affiant further swore that at no time had anyone on behalf of plaintiff entered into a compromise agreement with a third party by the name of Norman Hays or any other person to settle the obligation on behalf of defendant.

Defendant filed an opposing affidavit, wherein he stated that the original loan was in his name and that of Norman Hays, and that he was informed and believed that the present manager of plaintiff was not so employed at the time of the loan and subsequent renewals; and, therefore, the manager's affidavit was hearsay and improper to support plaintiff's motion. Defendant swore that he was informed by Norman Hays that he had, in fact, settled the account in full by means of payment in stock. Defendant stated that the note was not a new loan but a renewal of other notes to which Norman Hays was a party, and there was no balance owing.

■ An affidavit, supporting or opposing a motion for summary judgment is an evidentiary affidavit, whose form and content is governed by Rule 56(e), U.R.C... . Such an affidavit must be made on personal knowledge of the affiant, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is com-

petent to testify to the matters stated therein.[1]

Affidavits containing statements made merely "on information and belief" will be disregarded. Hearsay testimony and opinion testimony that would not be admissible if testified to at the trial may not properly be set forth in an affidavit. . . .[2]

■ The assertions in defendant's affidavit, which were essential to create a genuine issue as to a material fact, were based on information and belief and hearsay, and did not conform to the requirements of Rule 56(e), U.R.C.P. Since defendant did not, beyond the allegations in his answer, set forth by affidavit or otherwise as provided in Rule 56, U.R.C.P., specific facts showing that there was a genuine issue for trial, the trial court, based on the pleadings, interrogatories, and the affidavit of plaintiff's manager properly entered judgment.

■ Defendant further contends that at the time the summary judgment was entered, he had submitted interrogatories to plaintiff, which had not been answered, and that the answers thereto might have established his defense of accord and satisfaction.

There is nothing in the record to indicate that this matter was brought to the attention of the trial court, i.e., there is no affidavit to that effect. The interrogatories were filed after plaintiff had filed its motion for summary judgment. The time sequence strongly indicates that the interrogatories were submitted as a tactic of delay. The complaint was filed August 19, 1970, and the answer on September 21, 1970. Plaintiff's interrogatories were filed October 1, 1970 and the response on November 12, 1970. Plaintiff filed its motion to produce documents on November 19, and the motion was granted on November 30, 1970. Thereafter, the record indicates total inactivity until September 9, 1971, when plaintiff filed a request for a trial setting. On October 1, 1971, defendant filed a response to the production of documents. On October 12, 1971, plaintiff filed its motion for summary judgment; the day after defendant filed his interrogatories. Under the circumstances of the instant case, the action of the trial court cannot be deemed inappropriate.

■ Defendant further asserts that the trial court lacked jurisdiction to enter judgment since the notice of hearing accompanying the motion set the date of hearing on October 18, 1971, a time less

---

1. Rainford v. Rytting, 22 Utah 2d 252, 255, 451 P.2d 769 (1969) ; Preston v. Lamb, 20 Utah 2d 260, 263, 436 P.2d 1021 (1968).

2. 6 Moore's Federal Practice, § 56.22 [1], pp. 2806–2808.

than the requisite 10 day notice provided in Rule 56(c), U.R.C.P. Defendant claims an additional three day period was required, since the service was by mail, Rule 6(e), U.R.C.P.

Defendant has not cited any authority to the effect that the 10 day notice requirement is jurisdictional. Under the circumstances of the instant case, the alleged insufficiency of notice did not adversely affect defendant's rights. The judgment of the trial court is affirmed. Costs to plaintiff.

TUCKETT, ELLETT, HENRIOD, and CROCKETT, JJ., concur.