508 P.2d 538

**J. B. WALKER and Mary Goff Walker, Plaintiffs and Respondents,**

v.

**ROCKY MOUNTAIN RECREATION CORPORATION, a Utah corporation, (formerly Old Mill, a Utah corporation), and J. Douglas Bowers, Defendants and Appellants,**

No. 12864.

Supreme Court of Utah.

March 28, 1973.

1. Corbin on Contracts, § 975.

2. Corbin on Contracts, § 984.

Ronald C. Barker, Salt Lake City, for defendants and appellants.

Henry S. Nygaard, Beaslin, Nygaard, Coke & Vincent, Salt Lake City, for plaintiffs and respondents.

CALLISTER, Chief Justice:

Plaintiffs initiated this action to recover judgment for the sum stipulated in a settlement agreement executed by the parties. Based on the pleadings, including documents incorporated therein, and affidavits, the trial court granted plaintiffs' motion for summary judgment.

Plaintiff, Mary Walker, was the fee title owner of a parcel of real property known as the Old Mill. She executed a lease agreement with defendant, Bowers, for a term of five years, commencing September 1, 1970. The rent reserved was in the sum of $67,080, payable in monthly installments for the first two years of $800, for the third year of $950, for the fourth year of $1,040, for the fifth year of $2,000 plus a percentage of the gross sales. The agreement further provided that the lessee would pay the taxes and insurance and would expend at least $10,000, each year, for the entire term for improvements to the property. As a further inducement for the lessor to enter into the agreement for a minimum rental for the first four years, the lessee agreed to deliver to her or her designee a total of 200,000 shares of stock in a new corporation to be known as the Old Mill Corporation. The agreement further stated that the value of the stock would be 10 cents a share. The agreement specifically provided that the lessee would have a right to assign his interest to the Old Mill Corporation.

The agreement further granted the lessee the right to terminate the lease by (1) giving the lessor a written notice 30 days prior to such termination; (2) paying to the lessor together with the notice the minimum annual rental based upon the next 12-month period as liquidated damages for abridgment of the term of the lease, and (3) performing all of the obligations provided therein through the termination date.

After the lease was executed, the Old Mill was incorporated on October 20, 1970.

The corporation filed an application with the Utah Securities Commission for the purpose of registering and selling 2,000,000 shares of stock at 10 cents per share. The offering circular fully disclosed the terms and conditions of the lease; it further provided: "Since J. B. Walker is one of the directors and promoters of the corporation and his wife Mary Goff Walker is the lessor, the negotiation of the lease was not an arms length transaction." Bowers, the lessee, became president of the new corporation and assigned it the lease on October 20, 1970.

By affidavit plaintiffs established that Mary had received none of the corporate stock as provided in the lease, that the lessee had been in default in the monthly payments almost from the inception of the lease, and that no improvements had been made in accordance with the lease. They further stated that they had notified Bowers of these breaches and that he had contacted them for the purpose of cancelling the lease. Thereafter, as a means of compromise, a document entitled "Settlement Agreement" was executed by plaintiffs and Bowers; the agreement was adopted and ratified by the directors of the corporation, J. B. Walker was not a member of the board of directors on September 9, 1971, when they unanimously adopted and ratified the settlement agreement for the reason that it was deemed in the best interest of the corporation. The affidavit from the persons, who were members of the Board at the time of this transaction, further stated that sometime after September 28, 1971, the corporate name was changed to Rocky Mountain Recreation Corporation.

The settlement agreement was executed September 1, 1971, and provided that the Walkers had a claim against the corporation by virtue of a lease agreement dated August 1, 1970; and admittedly there had been a default in the terms and conditions of the lease. To resolve this dispute the parties agreed that Bowers and the corporation would pay Walkers $16,800, under the following terms: (a) $2,000 on or before September 10, 1971; (b) $14,800 together with 10% interest on or before December 1, 1971, the interest to commence as of September 1, 1971. The corporation was to change its name within 90 days. Upon payment of the $16,800, the Walkers would execute a release of any and all claims they might have against the corporation or Bowers, individually, and also against the officers and directors. The agreement further provided that if the payments were not made as set forth, the Walkers might enter judgment for $25,000 against the corporation and Bowers. There was a further provision concerning the ratification by the board of directors.

The corporate defendant, in its answer, asserted that the settlement agreement provided a penalty which was unenforceable. It further asserted that at all material

times the plaintiffs were in a fiduciary capacity and relationship toward the corporate defendant, and that the lease and settlement were inequitable, unfair, unconscionable and were void and unenforceable. The corporate defendant prayed for an adjudication of its rights, duties and responsibilities with respect to the transaction and for a judgment dismissing the complaint.

The present president of the corporation filed an affidavit in opposition to plaintiffs' motion for summary judgment, wherein he stated that plaintiffs had breached their fiduciary duties by entering into unconscionable and unreasonable contracts and agreements to benefit themselves at the expense of the corporation. He contended that the stock was publicly held by 250 persons whose rights, the corporate defendant was obligated to protect against claims of former officers, directors, and promoters, who have appeared to breach their fiduciary duties and may be liable to the corporation. He stated that the property had never been used by the corporation, that the property was unusable and in poor condition, and that the rental and improvements required to be paid by the corporation were in excess of the reasonable value of the property. The president further stated that the lease was a substantial asset in relation to the business and assets of the corporation, and the set-

tlement agreement should have been submitted to the stockholders under § 16-10-74, U.C.A.1953.

The trial court concluded that there was a legal and enforceable lease between Mary G. Walker and defendant Bowers; and that the offering circulars prepared by the corporation, promoting the sale of stock, fully disclosed the interest of the corporation in the lease. The trial court further determined that the officers and directors properly authorized the execution of the settlement agreement as a means of relieving the corporation of the terms and conditions of the lease on the ground that the settlement substantially reduced the corporate financial obligations to Walkers. The corporation received credit for $2,000, which Bowers had paid to Walkers; judgment was entered against defendants in the sum of $23,000, together with interest and costs.

On appeal, the corporate defendant contends that the trial court lacked jurisdiction to render summary judgment in that the notice of the motion was mailed only nine days prior to the hearing. Rule 56(c), U.R.C.P., provides that the motion shall be served at least 10 days before the time fixed for hearing. Rule 6(e), U.R.C. P., provides that three days shall be added to a prescribed period when a notice is served by mail.

The notice provision of Rule 56(c), U.R.C.P., is not jurisdictional.[1] Furthermore, there is nothing in the record to indicate that the defendant directed the attention of the trial court to the insufficiency of the notice; under the circumstances here, the defect is deemed to have been waived.[2]

Defendant asserts that it was denied procedural due process on the ground that it did not have a reasonable opportunity to prepare for trial and engage in discovery procedures. Defendant claimed that only 13 days elapsed between the mailing of defendant's answer and the filing of plaintiffs' motion for summary judgment.

Defendant's argument cannot be sustained. Rule 56(a), U.R.C.P., provides that a party may, at any time after the expiration of 20 days from the commencement of the action, move for a summary judgment. Rule 56(c), U.R.C.P., provides:

" . . . the judgment sought shall be rendered forth with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ."

Defendant further asserts that there were material, disputed issues of fact which precluded the trial court from granting summary judgment. The opposing affidavit submitted by defendant did not comport with the requirements of Rule 56(e), U.R.C.P., i. e., such an affidavit must be made on personal knowledge of the affiant, and set forth facts that would be admissible in evidence and show that the affiant is competent to testify to the matters stated therein. Statements made merely on information and belief will be disregarded. Hearsay and opinion testimony that would not be admissible if testified to at the trial may not properly be set forth in an affidavit.[3]

A review of defendant's opposing affidavit reveals no evidentiary facts but merely reflects the affiant's unsubstantiated opinions and conclusions in regard to the transactions.

Defendant urges that the trial court improperly awarded judgment for a penalty in the sum of $10,200 for nonpayment of an obligation of $14,800. Defendant claims that the effect of the judgment was to enforce an unconscionable penalty provision.

1. Western States Thrift and Loan Company v. Blomquist, 29 Utah 2d 58, 504 P. 2d 1019 (1972).

2. Feng Yeat Chow v. Shaughnessy (S.D. N.Y.1957), 151 F.Supp. 23, 25.

3. Western States Thrift and Loan Co. v. Blomquist, note 1, supra.

**280**

Defendant is correct in its assertion that the exclusive measure of damages for the detention of money is interest. Where a contract provides for the payment of money simply, a stipulation to pay a fixed sum in case of default is usually construed as an agreement for a penalty and not as a covenant for liquidated damages.[4] However, the asserted principle is inapplicable in the instant action.

There are two distinct phases in the settlement agreement. The first provisions are in the nature of an accord executory, upon performance by defendant of the obligation provided therein, its previously existing duty under the lease agreement would be discharged.[5] Since the part performance of an accord by the debtor, accompanied by an unjustified failure to perform the remainder, is not operative as a satisfaction, the creditor may bring an action on the original claim. The later provisions in the settlement agreement are in effect the damages stipulated by the parties for breach of the lease. Since the sum stipulated is not grossly disproportionate to the actual damage plaintiffs claimed to have sustained by defendant's breach of the lease, the liquidated

damages provision was properly enforced by the court.[6]

The judgment of the trial court is affirmed. Costs are awarded to plaintiffs.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

4. Reed v. Armstrong, 6 Utah 2d 291, 293, 312 P.2d 777 (1957).

5. Stratton v. West States Construction, 21 Utah 2d 60, 61, 440 P.2d 117 (1968); Restatement, Contracts § 417.

6. Andreasen v. Hansen, 8 Utah 2d 370, 374–375, 335 P.2d 404 (1959).