**Janie DURHAM, Plaintiff and Appellant,**

v.

**Cheryl MARGETTS, Defendant and Respondent.**

**No. 14858.**

Supreme Court of Utah.

Nov. 7, 1977.

LaMar Duncan, Salt Lake City, for plaintiff and appellant.

James L. Sadler, Timothy R. Hanson, Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Janie Durham sued for damages suffered from being struck by defendant's car as she walked westward in the Social Hall Avenue crosswalk (about 50 South) on State Street, in Salt Lake City on the afternoon of September 30, 1975.

The district court granted defendant's motion for summary judgment for the reason that it appeared from the "submissions" [1] that the plaintiff's medical expenses did not exceed $500 and her cause of action was barred by 31–41–9(e), U.C.A.1953 of the "No-Fault Insurance Act." [2] Plaintiff appeals challenging that ruling.

---

1. This refers to pleadings, depositions, admissions and affidavits.

2. That section provides:

No person . . . shall be allowed to maintain a cause of action for general dam-

Because the issue just stated is the sole problem confronted here, the details of the accident as to fault or lack thereof of the parties is not material. Our concern is with things that happened after the accident. The plaintiff was taken to the hospital where she was examined and X-rays were taken. They showed nothing affirmative by way of broken bones or otherwise. She was then released and directed to contact her doctor, from whom she received further medical treatment for some bruises and contusions.

This action was filed October 9, 1975. On March 22, 1976, defendant took plaintiff's deposition. Therein, she stated that she no longer suffered any ill effects as a result of the accident and that she did not plan on going back for any further treatment. In the deposition she reported various hospital and medical expenses, including to a Dr. Hebertson, of $64 and a Dr. Woodruff of $20, totaling about $350.

Prior to the hearing on defendant's motion for summary judgment the plaintiff filed an affidavit making further averments: that after her deposition had been taken "she had recurring effects from the accident and that she was then examined by one Eugene L. Hawkins, a chiropractic orthopedic, from whom she was still receiving treatments." Attached to the affidavit was a letter and a medical report from Dr. Hawkins and a statement of expenses showing an amount of $486.75 up to the date of September 16, 1976. It also included a recital that Dr. Hawkins "made a report showing damage to affiant's cervical spine" and that "such damage appears to be a direct result of the September 30, 1975 accident." She also stated: "that her loss is a direct result of the accident and injury, including medical expenses, far exceed the sum of $500."

Concerning the plaintiff's deposition and her affidavit, which stands undenied, these comments are pertinent:

■ We recognize the merit in defendant's argument that the affidavit must be of evidence which would be competent and material and thus admissible at the trial;[3] and that therefore those portions of plaintiff's affidavit which purport to state Dr. Hawkins' findings and opinion are hearsay and must be disregarded. It must also be conceded that plaintiff's averments seem somewhat ambiguous.

■ The summary judgment procedure has the desirable and salutary purpose of eliminating the time, trouble and expense of a trial when there are no issues of fact in dispute and the controversy can be resolved as a matter of law. Nevertheless, that should not be done on conjecture, but only when the matter is clear; and in case of doubt, the doubt should be resolved in allowing the challenged party the opportunity of at least attempting to prove his right to recover. For that reason the "submissions" should be looked at in the light favorable to her position;[4] and unless the court is able to conclude that there is no dispute on material facts, which if resolved in her favor would entitle her to recover, the court should not summarily reject her claim and render judgment against her as a matter of law.[5] Upon review we apply the same standard as that applied by the trial court.[6]

ages arising out of personal injuries alleged to have been caused by an automobile accident except where there has been caused by this accident . . . (e) Medical expenses to a person in excess of $500.

3. Rule 56(e) U.R.C.P.; *Walker v. Rocky Mountain Recreation Corp.,* 29 Utah 2d 274, 508 P.2d 538 (1973); *Western States Thrift & Loan Co. v. Blomquist,* 29 Utah 2d 58, 504 P.2d 1019 (1972).

4. *Henry v. Washiki Club Inc.,* 11 Utah 2d 138, 355 P.2d 973 (1960); *Frederick May & Co. v.*

*Dunn,* 13 Utah 2d 40, 368 P.2d 266 (1962); *Mermis v. Weeden & Co.,* 8 Ariz.App. 166, 444 P.2d 524 (1968); *Technicolor, Inc. v. Traeger,* Hawaii, 551 P.2d 163 (1976).

5. *National American Life Ins. Co. v. Bayou Country Club, Inc.* 16 Utah 2d 417, 403 P.2d 26 (1965); *Transamerica Title Ins. Co. v. United Resources, Inc.,* 24 Utah 2d 346, 471 P.2d 165 (1970); Rule 56(c) U.R.C.P.

6. *Hunter v. Farmers Ins. Group,* Wyo., 554 P.2d 1239 (1976).

■ Under those rules disregarding the improper portions of the affidavit, when the remainder thereof is considered in conjunction with her deposition, it will be seen that plaintiff asserts that her medical expenses are in excess of $500; and this obviates the application of the statute quoted above. Accordingly, the summary judgment against her was improperly granted. It is necessary that it be vacated and that the case be remanded for further proceedings. Costs to plaintiff (appellant.)

MAUGHAN, WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting).

Mrs. Durham was knocked down by a car driven by Cheryl Margetts on September 30, 1975. She began this action nine days later wherein she prayed for damages as follows:

$2,500 general damages.

$750 medical expenses and other special damages.

$306.21 for lost wages.

Her deposition was taken on March 22, 1976, at which time she testified that she was entirely healed and had no cuts or lacerations.

Our statute provides for all insurance policies to provide coverage for medical expenses up to $2,000 per person and disability benefits of 85 percent of gross income, not in excess, however, of $150 per week for one year.[1] Section 9 of the chapter set out in footnote 1 provides that where there is no death, fracture, permanent disability, or permanent disfigurement, one injured in a motor vehicle collision cannot maintain an action unless he has incurred medical expenses in excess of $500.

Mrs. Durham testified in her deposition that her total medical, hospital and doctor bills amounted to $349.39 and that she was entirely cured of all injuries received in the collision.

A motion for summary judgment was made by Cheryl Margetts on April 12, 1976, but due to illness of appellant's counsel, it was not set for hearing until September 24, 1976. The day prior to the hearing, September 23, 1976, Mrs. Durham filed her own affidavit wherein she stated that she was suffering from recurring effects from the accident and that a chiropractic orthopedic doctor had made a thorough examination of her and prepared a report "showing damage to affiant's cervical spine which radiated across the top of the skull area; that such damage appears to be a direct result of the September 30, 1975, accident and injury." She further stated that her "losses as a direct result of the accident and injury, including medical expenses far exceed the sum of $500."

It readily appears that she did not state in her affidavit that the *medical expenses exceeded* $500; she merely said her *losses, including medical expenses* exceeded $500. The substance of the affidavit was deficient in that it did not comply with Rule 56(e), Utah Rules of Civil Procedure which provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

It is patently apparent that the affidavit does not show that Mrs. Durham is qualified to relate her headaches to the accident and the statements regarding the findings of the chiropractor are pure hearsay and not admissible in evidence. The other evidence before the court at the hearing on the motion for summary judgment was the deposition of Mrs. Durham. I think the trial court ruled correctly when he granted the motion.

I desire to comment on the statement in the main opinion to the effect that "the submissions should be looked at in the light favorable to her position." On motion for summary judgment, the court does not look at anything for or against either party. He simply looks to see if there is a conflict on a material issue. If there is no dispute on a material issue, then he applies the law to

1. Laws of Utah, 1973, Chapter 55, Sec. 6.

the undisputed facts and grants or refuses to grant a summary judgment.

In this case, the judge could not find any dispute as to whether the medical expenses exceeded $500. I, therefore, think the judgment should be affirmed. The respondent should be awarded its costs on appeal.