Torval ALBRECHT, Sherwood Albrecht, Maurice Albrecht, R. Albrecht, d/b/a Torval Albrecht & Sons, Plaintiffs and Respondents,

v.

URANIUM SERVICES, INC., a Utah Corporation, Defendant and Appellant.

No. 15996.

Supreme Court of Utah.

May 29, 1979.

Leonard W. Burningham, Salt Lake City, for defendant and appellant.

Tex R. Olsen, Richfield, for plaintiffs and respondents.

MAUGHAN, Justice:

Uranium Services, Inc., (hereafter Uranium), appeals from a summary judgment quieting title to mining claims in plaintiffs, (hereafter Albrecht). We affirm, and award costs to Albrecht.

The judgment was based on a complaint, answer, counterclaim, affidavits and interrogatories. The complaint stated a prima facie case as to complying with the State and Federal mining laws, with a claim of continuous possession and performance of annual work.

Uranium filed claims on top of those of Albrecht. The Albrecht claims were staked out in 1954; the Uranium claims were filed in 1966 and 1969.

■ Uranium's affidavit asserted Albrecht had abandoned his claims in 1966. No other assertions or facts were stated showing such abandonment. The affidavit also alleged Uranium's ownership, and averred it "has filed locations" over such claims. No statement is made as to what was done specifically. In less than positive fashion, the affidavit says "it appears" that Albrecht had not done any work on his claims for many years. The affidavit was totally conclusory in nature, and the trial judge properly ruled it was not sufficient to meet Uranium's burden of showing the presence of a material fact requiring trial.[1]

■ Another issue raised by respondent is that of the timeliness of the appeal. *In re Lynch's Estate*[2] is cited in support of such claim. The analysis in *Lynch* has been responsible for some confusion in this area of the law. Even so, under *Lynch,* Uranium's appeal was timely filed. Respondent states the time commenced to run July 5, 1978 (we assume it to have been entered in the Register of Actions on that day), and Notice of Appeal was not filed until August 7, 1978. The filing was timely because August 5, 1978 fell on a Saturday, and the following Monday was the next day not excluded by Rule 6, U.R.C.P.

However, owing to the frequency with which this question is presented to us, and because the amended Rule 73 does not appear in Utah Rules of Civil Procedure as published in Vol. 9B, U.C.A. 1953, or the 1978 Pocket Supplement, we desire to make a restatement of the law as it applies to the time within which an appeal may be taken to this Court.

In part, Rule 73(a), U.R.C.P. formerly provided:

When an appeal is permitted from a district court to the Supreme Court, the time within which an appeal may be taken shall be one month from the entry of the judgment or order appealed from
. . .

This rule was amended on the 14th day of June, 1976. The first paragraph of the amended rule is:

When an appeal is permitted from a district court to the Supreme Court, the time within which an appeal may be taken shall be *one month from the date of the entry [in the Register of Actions* of the judgment or order appealed from unless a shorter time is provided by law, except that upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal not exceeding one month from the expiration of the original time herein prescribed. Such an extension may be granted by the district court before or after the expiration of the original time herein prescribed; but if a request for an extension is made after the original time prescribed by this subdivision has expired, it shall be made by motion with such notice as the district court shall deem appropriate. [Emphasis supplied.]

Our Rule 6 controls the computation of time. Paragraph 6(a) is as follows:

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

**1.** *Walker v. Rocky Mountain Recreation Corporation,* 29 Utah 2d 274, 508 P.2d 538 (1973); Rule 56(e), U.R.C.P.

**2.** 123 Utah 57, 254 P.2d 454 (1953).

■ Thus, the date of the month on which the period begins to run is excluded. The same date of the following month is included. For example, if the judgment or order appealed from were to be entered in the Register of Actions on the 6th of July, the last day on which a Notice of Appeal could be filed would be the 6th of August, unless such 6th of August fell on "a Saturday, a Sunday, or a legal holiday." In such latter event, the period would run "until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."

■ The foregoing analysis holds true throughout the year except for the dates of January 30 and 31, and in all but leap years, January 29. A period commencing to run on those dates concludes on the last day of the following February—again subject to Rule 6(a), of course.

WILKINS and HALL, JJ., concur.

STEWART, Justice (dissenting).

I dissent on the ground that the majority opinion, in my view, misapplies Rule 56, U.R.C.P., and denies the right of Uranium Services, Inc., to have a trial on the merits as to the ownership of the mining claims in question.

Strict and narrow application of Rule 56 rests on two sound policy considerations. First, a litigant has a constitutional right to have issues of fact in a common law action decided by a jury of his peers. Second, a trial judge is in no position to ascertain the truth of a situation based on disputed affidavits: long established trial procedures are the means for distinguishing between truth and falsity. Accordingly, when the affidavits in a summary judgment proceeding have some doubt as to the truth of a material fact, the doubt must be resolved in favor of a trial. As this Court stated in *Dupler v. Yates,* 10 Utah 2d 251, 351 P.2d 624, 636 (1960):

> Rule 56 U.R.C.P. is not intended to provide a substitute for the regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends. And it should be invoked with caution to the end that litigants may be afforded a trial where there exists between them a bona fide dispute of material fact.

The majority opinion sustains the granting of summary judgment on the ground that the affidavit filed on behalf of Defendant Uranium Services "was totally conclusionary in nature, and the trial judge properly ruled it was not sufficient to meet Uranium's burden of showing presence of a material fact requiring trial."

Plaintiff's affidavit filed in support of the motion for summary judgment was, indeed, quite specific and asserted that "this affiant has continuously been in possession of said property, explored, mined and developed said properties, and during the early 1960's did ship substantial amounts of ore therefrom; that the mining operation of this affiant is readily seen because of the developed portals and permanent markings upon said property." The affidavit further indicates that "Affidavits of Work Done" on the "Little Susan Group" had been filed with the Recorder of Emery County.

Defendant's affidavit in opposition stated that Uranium Services, Inc., is the owner of unpatented mining claims referred to in the affidavit of Torval Albrecht; and that the affiant John L. Anderson "has personally examined, annually, mining claims which are covered by the affidavit of Torval Albrecht; and of his own knowledge, it appears that no mining operations of any type or nature whatsoever have been conducted on the subject property for many years." The affidavit further states that Torval Albrecht, Sherwood Albrecht, Maurice Albrecht, Steve Albrecht, Carl R. Albrecht, and their predecessors abandoned the mining claims in 1960; and that he, John Anderson, "on behalf of Uranium Services, Inc., filed the Notices of Location with respect to the subject property, all of which were subsequent to the abandonment of the plaintiffs and their predecessors, successors and assigns to the subject mining claims · · · ."

All that is required by Rule 56(e) is that the affidavits supporting and opposing a

motion for summary judgment "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Clearly, the affidavit of John Anderson, in opposition to the motion for summary judgment, was based on testimony asserted to be of his own knowledge, and he would have been allowed to testify at trial that "no mining operations of any type or nature whatsoever have been conducted on the subject property for many years." There is no requirement in Rule 56 that the affidavits have any degree of specificity, and it is certainly most difficult when having to testify to a negative, to conceive of how the affidavit of John Anderson could have been more specific. In my view, it clearly was admissible and clearly established an issue of fact which should not have been "tried on the affidavits". *Walker v. Rocky Mountain Recreation Corporation,* 29 Utah 2d 274, 508 P.2d 538 (1973), relied upon by the majority for the proposition that Anderson's affidavit is inadequate, stands, in my view, precisely for the proposition that his affidavit was sufficient.

CROCKETT, J., concurs with the views expressed in the dissenting opinion of STEWART, J.