**Lolita PENTECOST, Plaintiff
and Appellant,**

v.

**M.W. HARWARD and John Does I
through III, Defendants and
Respondents.**

No. 19070.

Supreme Court of Utah.

March 1, 1985.

Ronald E. Dalby, Provo, for plaintiff and appellant.

Jay Fitt, Provo, for defendants and respondents.

ZIMMERMAN, Justice:

In this action, a tenant sued the manager and the unknown owner(s) of the apartment in which she lived for forcibly evicting her and her two children and for retaining her furniture and personal possessions, all without resort to judicial process. Defendant Harward, the manager, filed a verified answer to plaintiff's verified complaint and later moved for summary judgment, supporting his motion with an affidavit. Plaintiff filed no counter-affidavit, relying instead on her complaint, which contradicted both defendant's answer and the affidavit accompanying his motion for summary judgment. The district court granted Harward's motion, apparently on the ground that no counter-affidavit had been filed. We hold that plaintiff's verified complaint, which controverted the facts set forth in Harward's affidavit, created a material issue of fact for resolution at trial. We further hold that even if plaintiff's complaint had not been verified, the allegations of her complaint that were not addressed by Harward's affidavit were sufficient to support claims against him on several theories. We therefore reverse and remand for further proceedings.

The complaint alleged that plaintiff "had leased" an apartment from defendant; that she resided there with her two children; that defendants, "without court order, forcefully and illegally evicted" plaintiff; that plaintiff tendered payment of rent, which defendants refused to accept; that defendants "unlawfully retained [p]laintiff's personal property and refused ... to return it to her"; that as a result of the eviction, her children "were exposed to rain and cold and subsequently became ill"; that defendant Harward was an agent for the owner of the premises; that the actions of defendant were intentional and malicious; and that plaintiff was entitled to damages for conversion of her property and for expenses incurred as a result of the eviction and the detention of the property, as well as punitive damages.[1] Plaintiff also sought return of personal property described in a two-page list attached to the complaint. This list appears to include all property in the apartment at the time of eviction. Among the items listed are three rooms of furniture, dishes and kitchen utensils, a clothes dryer, toilet articles from the bathroom, clothing for plaintiff and her children, towels and washcloths, rugs, children's toys, and a crib. The complaint was verified by plaintiff.[2]

---

1. Throughout the complaint, the word "defendant" appears to have been used to refer to defendant Harward, while the word "defendants" seems to refer to all defendants.

2. The Utah Rules of Civil Procedure do not formally recognize a verified complaint, a creature well known to code pleading states. *See, e.g.,* Cal.Code Civ.P. § 446 (West 1973 & Supp.

Only Harward, the apartment manager, was served. His answer conclusorily denied all material allegations of the complaint, except for the admission that he was acting as an agent for the owner of the building. He also affirmatively alleged that a male companion of plaintiff's, representing himself as her fiancee, had negotiated for the rental of the apartment and had paid a small amount as a security deposit, but had not signed a lease or paid the rent. Harward further alleged that "out of compassion" he had permitted plaintiff and her children to remain in the apartment after they had moved in, but that she had "failed or refused" to pay rent and that he "lawfully" retained plaintiff's personal property "as security for the rental due and the expenses of restoring the said apartment to a leasable condition." Like the complaint, the answer was verified.[3]

In response to interrogatories propounded by plaintiff, Harward elaborated upon the allegations in his answer: Harward had retained plaintiff's possessions as agent for the owner and as a set-off for nonpayment of rent, and her eviction was not unlawful because it was made for nonpayment of rent. Harward then filed his motion for summary judgment and a supporting affidavit, in which he declared that he had acted at all times as agent for the owner, that plaintiff obtained occupancy of the premises under false pretenses, and that she did not pay her rent when it was due. Plaintiff's memorandum in opposition to the motion pointed out that her complaint contradicted the essence of Harward's affidavit, *i.e.*, it alleged that she had, in fact, leased the apartment and that she had also tendered the rent payment.

In a minute entry, which was later reduced to judgment, the court stated that based upon Harward's affidavit, "there being no counter-affidavit," a summary judgment of "no cause of action is granted." This ruling was error.

■ First, a counter-affidavit need not have been filed. Plaintiff quite properly argues that the verified complaint was sworn to upon personal knowledge and that this suffices to controvert the affidavit filed by Harward in support of the motion for summary judgment. Counsel for Harward does not defend the trial judge's apparent rejection of this argument. He implicitly concedes that the trial judge erred, but argues that the judgment can be sustained on the alternative ground that the allegations of the complaint do not state a claim against Harward because Harward was acting only as an agent.

■ A verified pleading, made under oath and meeting the requirements for affidavits established in Rule 56(e) of the Utah Rules of Civil Procedure, can be considered the equivalent of an affidavit for purposes of a motion for summary judgment. *See, e.g., Dupler v. Yates,* 10 Utah 2d 251, 270, 351 P.2d 624, 637 (1960); *cf. Langley v. Hayward,* Utah, 656 P.2d 1020, 1022 (1982); *Kiser v. A.J. Bayless Markets, Inc.,* 9 Ariz. App. 103, 106, 449 P.2d 637, 640–41 (1969). In the present case, neither verified pleading satisfied the criteria of Rule 56(e). For example, neither verification stated that the facts set forth in the pleading were true and correct to the personal knowledge of the signer. Both attempted to verify the entire contents of the pleading, not just the factual assertions, and both impermissibly added "information" and/or "belief" to personal knowledge as a basis for the verification. In addition, some of the facts sworn to were not specific evidentiary facts at all, but were mere assumptions or conclusions. Some of these same objections also could be directed to the Harward affidavit. *Cf. Jones v. Hinkle,* Utah, 611 P.2d 733, 736 (1980); *Walker v. Rocky Mountain Recreation Corp.,* 29 Utah 2d 274,

---

1985). In the present case, the complaint followed the usual format prescribed by our rules, but in addition to being signed by the attorney, was also sworn to under oath by plaintiff upon "personal knowledge, information and belief."

**3.** The only difference of note between the two verifications is that defendant's was upon "knowledge and belief," while plaintiff's was upon "knowledge, information and belief."

279, 508 P.2d 538, 542 (1973). However, neither party objected to the form or the content of the other's verified pleading and/or affidavit. And the trial court apparently raised no objections *sua sponte*. We therefore deem any evidentiary objections waived and hold that the verified complaint was sufficient to controvert the affidavit for purposes of avoiding summary judgment.

Harward's counsel contends that even considering the verified complaint to the extent that it contradicts the answer and affidavit, no claim was stated against his client, for even if there is a triable issue of fact as to whether plaintiff had leased the premises and tendered the rent and, therefore, could recover for a breach of contract, there could be no recovery against Harward. This argument is based on the following reasoning: at no time did plaintiff contest the averment in both the answer and the affidavit that Harward was acting only as agent for the owner of the property and within the scope of his agency; the complaint states nothing more than a claim for breach of contract; and such a claim can lie only against the owner of the property, not the manager.

The problem with this argument is that it ignores most of the complaint's allegations. Several different tort claims against Harward are pleaded in plaintiff's complaint. Because numerous landlords employ resident managers to handle conflicts that arise during the course of the landlord/tenant relationship, it is worth explaining some of the claims to which Harward as an agent/manager is exposed under the allegations of the complaint.

■ If an agent commits a tort while acting on behalf of his principal, the fact that he is an agent does not insulate him from liability to the injured party. The agent's liability is determined solely

> upon the common-law obligation that every person must so act or use that which he controls as not to injure another.... [W]hether he is acting on his own behalf

or for another, an agent who violates a duty which he owes to a third person is answerable to the injured party for the consequences. It is no excuse to an agent that his principal is also liable for a tort.... Nor is an agent who is guilty of tortious conduct relieved from liability merely because he acted at the request, or even at the command or direction, of the principal, unless he is exercising a privilege of the principal to commit the act.

3 Am.Jur.2d *Agency* § 300 (1962) (footnotes omitted).

■ In the present case, the complaint plainly alleges, and Harward's answer and affidavit freely admit, that Harward retained plaintiff's personal property without aid of judicial process. Harward asserts that this was done to secure the landlord against payment of the delinquent rent and the costs of refurbishing the apartment. The Code gives a landlord a lien on a lessee's nonexempt property for rent due. However, to secure physical attachment of that property he must resort to the courts. A writ of attachment must be sought and can be obtained *only* upon the filing of an action against the tenant. The complaint must be accompanied by an affidavit stating, *inter alia*, the amount of rent due. A bond must also be filed. U.C.A., 1953, §§ 38-3-1, -4 (1974). Harward does not allege that any of these statutory procedures were followed. Absent compliance with the Code, seizing a tenant's property by self-help is a civil wrong and is actionable as a tort. 18 Am.Jur.2d *Conversion* § 62 (1965). Therefore, defendant Harward was not acting under a "privilege of [his] principal," and he could be held liable for conversion.

■ In addition, if the controverted allegations of the complaint are found in plaintiff's favor, they support an action against Harward for forcible entry. Both the statutes and the tort action derived from them require that unless a tenant plainly abandons the premises, a landlord

must resort to judicial process if he wishes to be rid of a tenant in peaceable possession. *See* U.C.A., 1953, §§ 78–36–1, –12 (1977 & Supp.1983); *Frisco Joes, Inc. v. Peay*, Utah, 558 P.2d 1327 (1977). This is true even if that tenant's possession is wrongful. Self-help is too likely to lead to a breach of the peace to be permitted, and contractual provisions purporting to authorize it will be void as against public policy. *See, e.g., Freeway Park Building, Inc. v. Western States Wholesale Supply*, 22 Utah 2d 266, 270, 451 P.2d 778, 781 (1969); *King v. Firm*, 3 Utah 2d 419, 425–26, 285 P.2d 1114, 1118 (1955). One who resorts to self-help is liable to the evicted tenant for all damages proximately caused by the eviction, including mental pain and suffering. *Cf. Lambert v. Sine*, 123 Utah 145, 150, 256 P.2d 241, 244 (1953).

Finally, the allegations of the complaint also appear to state a claim for intentional infliction of emotional distress. One who intentionally causes severe emotional distress to another through extreme and outrageous conduct is liable to that person for any resulting damages. *Samms v. Eccles*, 11 Utah 2d 289, 293, 358 P.2d 344, 346–47 (1961); Restatement (Second) of Torts § 46 (1965). Here, plaintiff's allegations that Harward "forcefully" evicted her and her children when she held the premises under lease and had tendered the rent due, that he retained all of her personal possessions without contractual or judicial sanction, and that all of this was done intentionally and with malice certainly would state such a claim.

For the reasons discussed, the existence of genuine issues of material fact preclude disposition by summary judgment. We reverse and remand to the trial court for further proceedings. Costs on appeal are awarded to plaintiff.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.