Graham L. TRELOGGAN and Joyce S. Treloggan, Plaintiffs and Respondents,

v.

Curtis L. TRELOGGAN and Julie A. Treloggan, and D & C Builders, Defendants and Appellants.

No. 19954.

Supreme Court of Utah.

April 5, 1985.

Horace J. Knowlton, Salt Lake City, for defendants and appellants.

James R. Hasenyager, Ogden, for plaintiffs and respondents.

PER CURIAM:

This is an appeal from an order of the district court granting respondents' motion for summary judgment and dismissing appellant's complaint in intervention and subsequent amended complaints.

Respondents are the parents of defendant Curtis Treloggan. On February 12, 1979, Curtis and Julie Treloggan, his wife, borrowed $15,000 from respondents. A promissory note was signed which provided that the principal and interest (at 10% per annum) would be paid on or before February 2, 1980. To secure performance on the note, respondents took a mortgage on real property located in Weber County. The mortgage was recorded on February 13, 1979.

On March 1, 1979, appellant D & C Builders obtained a judgment against Curtis and Julie Treloggan for money due on an open account. Subsequently, it filed a judgment lien against the Weber County property.

When the promissory note was not paid within the time allotted, respondents filed a complaint to foreclose on the mortgage. In personal correspondence with the district court, Curtis and Julie Treloggan conceded default on the debt. D & C Builders filed an answer and counterclaim wherein it alleged that the conveyance to respondents was void, praying that it be declared the first lienholder. On June 16, 1980, the district court granted respondents summary judgment of foreclosure against Curtis and Julie Treloggan and ordered that appellant's interests be tried on its counterclaim.

Further proceedings against the property were stayed when Curtis and Julie Treloggan filed for bankruptcy and the trustee in bankruptcy assumed control of the property. When the property could not be sold for any amount greater than respondents' interest, the trustee abandoned the property in January 1984.

On February 22, 1984, respondents filed a motion for summary judgment dismissing D & C Builders' complaint in intervention

and amended complaint. Respondents asserted that they were entitled to judgment as a matter of law since there was no genuine issue as to material fact. Respondents' motion was supported by affidavits and other documents establishing that the $15,000 was in fact paid by respondents to their son and daughter-in-law in a purely arm's length transaction. In response, D & C Builders filed affidavits of its office manager alleging, upon information and belief, that the note and mortgage had been given to defraud D & C Builders and to frustrate collection of its indebtedness.

A hearing was held, and the trial court granted respondents' motion for summary judgment. The basis of the court's order was that respondents had established by affidavit that they had made a loan to Curtis and Julie Treloggan and that D & C Builders had failed to establish "by way of rebutting affidavits or other admissible evidence" either that the loan was not made or that it was made to defraud D & C Builders. On appeal, D & C Builders challenges that decision.

 Under Utah R.Civ.P. 56(e), an affidavit on information and belief is insufficient to provoke a genuine issue of fact. In *Walker v. Rocky Mountain Recreation Corp.*, 29 Utah 2d 274, 508 P.2d 538 (1973), we held that an opposing affidavit under Rule 56(e):

> [M]ust be made on personal knowledge of the affiant, and set forth facts that would be admissible in evidence and show that the affiant is competent to testify to the matters stated therein. Statements made merely on information and belief will be disregarded.

In *Jones v. Hinkle*, Utah, 611 P.2d 733 (1980), we cited *Walker* with approval and stated that when a motion for summary judgment is made under the Rule, "the affidavit of an adverse party must contain specific evidentiary facts showing that there is a genuine issue for trial." We held that plaintiff was entitled to judgment as a matter of law, defendants having failed to identify with specificity any material fact.

 Appellant's affidavits in the instant case are deficient for the same reasons. The affidavits reveal no evidentiary facts, but merely reflect the affiant's unsubstantiated opinions and conclusions in regard to the transactions concerned.

The summary judgment is therefore affirmed. Costs to respondents.

STEWART, J., does not participate herein.